CHARLES E. RICE and BARBARA A. RICE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rice v. Commissioner
Docket No. 652-78.
United States Tax Court
T.C. Memo 1978-334; 1978 Tax Ct. Memo LEXIS 182; 37 T.C.M. (CCH) 1376; T.C.M. (RIA) 78334; August 23, 1978, Filed *182 Respondent's motion to dismiss for failure to state a claim upon which relief could be granted, granted. Charles E. Rice, pro se. Deborah A. Butler, for the respondent. DRENNEN
MEMORANDUM OPINION DRENNEN, Judge: Respondent determined deficiencies in petitioners' income tax and additions to tax as follows: Charles E. Rice: Addition to tax under Year
Deficiency
sec. 6651(a)
sec. 6653(a)
1974
$ 2,912.39
$ 64.04
$ 145.62
1975
1,556.00
389.00
77.80
*183 Barbara A. Rice: Addition to tax under Year
Deficiency
sec. 6651(a)
sec. 6653(a)
1974
$ 2,663.23
$ 1.75
$ 133.16
1975
1,339.00
334.75
66.95
Petitioners were husband and wife residing in Richardson, Tex., at the time the petition and "Proper Amended Petition Plea in Abatement" was filed. Charles E. Rice filed what purported to be Federal income tax returns for the years 1974 and 1975 with the Austin office of the Internal Revenue Service. These documents were filed by him with the indication that he was married but filing separately. Barbara A. Rice did not file returns for the taxable years at issue. The 1974 return filed by Charles contained no figures, except for tax withheld, and had filled in the column for reporting income and deductions the words "object (self-incrimination)." Attached to the Form 1040 were Forms W-2, Wage and Tax Statements from Charles' employers, and about 153 pages of protests and various publications. Charles' original return for 1975 was in about the same form as the 1974 return, reflecting no figures except withholding, except that there were no attachments; an amended 1975 return included the attachments.
*184 Respondent issued separate notices of deficiency to Charles and Barbara wherein he treated all of the income, consisting of Charles' wages and rental and interest income, as community income and determined that one-half of it was taxable to Charles and one-half to Barbara. The total wages included in income in the two notices of deficiency equaled the wages reported by Charles' employers on the W-2 forms. This is another of the several so-called "tax protestor" cases that were called from the Dallas trial calendar of this Court on June 5, 1978, either for trial or on various motions to dismiss. See Crowder v. Commissioner,T.C. Memo. 1978-273; Cameron v. Commissioner,T.C. Memo. 1978-272. This case was called for hearing on respondent's motion to dismiss for failure to state a claim. The petition and the amended petition filed in this action allege that the failure of the Internal Revenue Service to respond to petitioners' petition for redress of grievances attached to the purported returns for 1974 and 1975 of Charles E. Rice violates petitioners' right to petition the Government for redress of grievances guaranteed by United States Constitution *185 Amendment I; that petitioners are not persons required to file tax returns as set forth in section 6012, I.R.C. 1954; that the notices of deficiency are invalid because they were not accompanied by an affidavit and that the notices of deficiency are false and fraudulent; that the notices of deficiency are void for failing to mention that petitioners filed tax returns for the years in question; that the issuance of the notices of deficiency constitutes an attempted unlawful taking of petitioners' property without due process of law in violation of United States Constitution Amendment V; that the issuance of the notices of deficiency by the agents of the Internal Revenue Service violates section 7214, I.R.C. 1954; that respondent's actions have interfered with petitioners' peaceful enjoyment of life; and that judgment based solely upon the determinations in the notices of deficiency would be erroneous since the actual controversy is the lawful status of their tax returns as filed with the Internal Revenue Service. In their petition petitioners also deny owing respondent any sum whatsoever. In their amended petition petitioners request this Court to take judicial notice that respondent's *186 determinations in the notices of deficiency are incorrect and allege that petitioners' Exh. 1 attached to the amended petition more accurately describes any alleged deficiency. Exh. 1 apparently sets forth petitioners' calculations with regard to their income, deductions, exemptions, and tax rates to which they believe they are entitled. Other than the fact that the amounts and the tax rates are different from those set forth by respondent in the notices of deficiency, petitioners do not allege any facts supporting their objections to respondent's determination of their taxable income. Respondent relies upon Rule 34(b)(4) and (5), Tax Court Rules of Practice and Procedure, to uphold his motion to dismiss. This rule requires that the petition to this Court contain: (4) Clear and concise assignments of each and every error which the petitioner alleges to have been committed by the Commissioner in the determination of the deficiency or liability. The assignments of error shall include issues in respect of which the burden of proof is on the Commissioner. Any issue not raised in the assignment of errors shall be deemed to be conceded. Each assignment of error shall be separately *187 lettered. (5) Clear and concise lettered statements of the facts on which petitioner bases the assignments of error, except with respect to those assignments of error as to which the burden of proof is on the Commissioner That this rule has not been complied with in petitioners' pleadings is clear. Those portions of these documents which specifically relate to respondent's adjustments in the notices of deficiency are inadequate. As respondent notes, neither the amended petition nor the exhibit states the basis of petitioners' figures, how such figures correspond to the notices of deficiency, or how the figures establish that the notices of deficiency are in error. The absence in these documents of specific allegations of error and of supporting facts permits this Court to grant respondent's motion to dismiss for failure to state a claim. Rule 123(b), Tax Court Rules of Practice and Procedure; cf. Klein v. Commissioner,45 T.C. 308 (1965); Goldsmith v. Commissioner,31 T.C. 56 (1958); Weinstein v. Commissioner,29 T.C. 142 (1957). Moreover, with regard to petitioners' remaining allegations concerning infringement of various *188 constitutional rights, it is apparent that these allegations are groundless. The failure of agents of the Internal Revenue Service to respond to the petition attached to the purported returns does not constitute an infringement of petitioners' right under the First Amendment to petition the government for redress of grievances. Cf. Cupp v. Commissioner,65 T.C. 68, 83-84 (1975), affd. without opinion 559 F. 2d 1207 (3d Cir. 1977). And the issuance of the notices of deficiency does not constitute an unlawful taking of property without due process of law. Muncaster v. Commissioner,T.C. Memo. 1976-17; cf. Cupp v. Commissioner,supra.
Petitioners alleged in their original petition that they are not persons required to file returns under section 6012, I.R.C. 1954. That section provides that every individual having for the taxable year a gross income of $ 750 or more, with certain exceptions not here relevant, shall file returns. As explained by petitioner at the hearing, this allegation is premised on the argument that gold and silver coins are the only legal tender in this country and the only proper dollars includable *189 in gross income; since they received no gold or silver dollars in 1974 and 1975, they were not required to file returns. This allegation has been dealt with before and is without merit. Cupp v. Commissioner,supra at 80-81. The various allegations that the notices of deficiency are void also are without merit. There is no requirement that a notice of deficiency be accompanied by an affidavit. Cf. Commissioner v. Forest Glen Creamery Co.,98 F. 2d 968, 971 (7th Cir. 1938). Moreover, the failure to mention that Charles E. Rice filed tax returns for 1974 and 1975 does not void the notices of deficiency because the documents filed by Charles E. Rice do not constitute tax returns. Cupp v. Commissioner,supra at 79. And since Barbara A. Rice did not file tax returns for the years at issue, this allegation with regard to her notice of deficiency is superfluous. The allegations that the notices of deficiency are false and fraudulent are insufficient in the face of Rule 34(b)(4) and (5), supra. And the allegation that the conduct of agents of the Internal Revenue Service in issuing the notices of deficiency violates section *190 7214 is a matter over which this Court has no jurisdiction, as is the allegation that agents of the Internal Revenue Service have interfered with petitioners' peaceful enjoyment of life. Sec. 6214(a); cf. Flynn v. Commissioner,40 T.C. 770, 773 (1963). Finally, petitioners' allegation in the amended petition and assertion in their motion to strike respondent's motion to dismiss that this Court may not predicate its decision solely upon the correctness of respondent's determinations in the notices of deficiency is an effort to have this Court find that the purported returns were lawful. The contention is without merit if only for the reason that the documents filed by Charles E. Rice do not constitute tax returns. And it is well established that there is no constitutional right to refuse to file an income tax return because of the Fifth Amendment. United States v. Sullivan,274 U.S. 259 (1927). For the above reasons, respondent's motion to dismiss will be granted, and An appropriate order will be entered.