ALAN T. BOGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boger v. Commissioner
Docket No. 7761-79.
United States Tax Court
T.C. Memo 1981-629; 1981 Tax Ct. Memo LEXIS 124; 42 T.C.M. (CCH) 1555; T.C.M. (RIA) 81629; October 26, 1981. *124 Held: 1. Wages received by petitioner are subject to Federal income tax. Deficiency determined by respondent is sustained. 2. Petitioner is liable for addition to tax under sec. 6651(a), I.R.C. 1954, for failure to file a timely income tax return for 1977. 3. Petitioner is liable for addition to tax under sec. 6653(a), I.R.C. 1954, because the underpayment of tax was due to negligence or intentional disregard of rules and regulations. 4. Petitioner is liable for addition to tax under sec. 6654, I.R.C. 1954, for underpayment of estimated tax. Alan T. Boger, pro se. Benjamin A. deLuna, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income tax for the taxable year 1977 as follows: Additions to tax
Deficiency
sec. 6651(a)(1)
sec. 6653(a)
sec. 6654
$ 4,585.96
$ 736.20
$ 229.30
$ 89.08
The issues for decision are: (1) Whether wages received by petitioner are subject to the Federal income tax; (2) whether petitioner is liable for an addition to tax imposed under section 6651(a)(1) for failure to file a timely income tax return; (3) whether petitioner is liable for an addition to *125 tax imposed under section 6653(a) for negligence or intentional disregard of the rules and regulations; and (4) whether petitioner is liable for an addition to tax imposed under section 6654 for underpayment of estimated tax. FINDINGS OF FACT Most of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner Alan T. Boger (hereinafter petitioner) resided in Newcastle, Wy., at the time of filing the petition herein. For the taxable year 1977, he filed a Form 1040 with the Internal Revenue Service, Ogden, Utah. However such form contained no information concerning petitioner's income or deductions for such year, [2] but rather had a double asterisk in each space in which an income or other figure was to be reported. Next to a double asterisk at the bottom of the form appeared the following: I do not understand this return nor the laws that may apply to me. This means that I take specific *126 objection under the 4th and 5th amendments of the United States constitution. I offer to amend or file again if you can show me how to do so without waiving my constitutional rights especially my 4th and 5th amendment rights. On another portion of the return was added--"Note: I did not receive any constitutional dollars containing 412.5 grams of silver." Attached to the Form 1040 were fragments of quotations from various cases as well as correspondence concerning the definition of the dollar as distinguished from a Federal Reserve note. Petitioner refused to provide respondent with any records pertaining to his tax liability. Respondent determined petitioner's tax liability from information obtained from his employer. During the taxable year 1977, petitioner had been employed by Thunder Basin Coal Co. and was paid a total of $ 21,660.98 as wages for services performed therein, out of which a total of $ 1,641.18 was withheld as Federal income tax. Respondent determined a deficiency in petitioner's income tax for the taxable year 1977 of $ 4,585.96 [3] based on his failure to report any of his 1977 wages as taxable income. In addition, he determined that petitioner was liable for *127 additions to tax for failure to file a timely return, for negligence or intentional disregard of the rules and regulations, and for underpayment of estimated tax. OPINION Petitioner in his petition raises a multitude of constitutional and statutory arguments and affirmative defenses in support of his position on the issues herein, as well as a demand for jury trial, for costs plus punitive damages in the amount of $ 1 million, and for invocation of section 7214 [4] to punish respondent herein. Before dealding with the specific issues at hand we pause momentarily to dispose of petitioner's demand for *128 a jury trial, damages, and section 7214 punishment. It is well established that there is no right to a jury trial in the Tax Court and the denial thereof does not violate the Seventh Amendment, Browne v. Commissioner, 73 T.C. 723 (1980). Furthermore, there exists no statutory authority for either reimbursing petitioner for the costs he has incurred herein or for imposing punitive damages [5] against the Internal Revenue Service, and thus we have no jurisdiction to do so. Sec. 7442; Sharon v. Commissioner, 66 T.C. 515, 533-534 (1976), affd. per curiam 591 F.2d 1273 (9th Cir. 1978), cert. denied 442 U.S. 941 (1979). Finally, the allegation that respondent's conduct had in some way violated section 7214(a)(1) or (2) is a matter over which this Court has no jurisdiction. [6] Cf. Flynn v. Commissioner, 40 T.C. 770, 773 (1963). Petitioner's demands are hereby denied. The first issue for decision relates to various constitutional arguments which petitioner makes in support of his argument that wages received by him *129 during the taxable year 1977 are not subject to the Federal income tax. In support of his position, petitioner has made sweeping legal arguments which can best be summarized by referring to his petition wherein he states at paragraphs 4 A and 5 C as follows: A. Petitioner knows that Respondent erred in computing the taxes for the year above [1977] in the amount of $ 4,585.96 including penalties assessed by authority of 6651(a), 6653(a), and 6654, and that such error was willful, wanton and malicious and intentional, all in violation of Petitioner's rights secured by the U.S. Constitution and the Declaration of Independence, the Magna Carta, and the Common Law. C. Petitioner bases his claims on the U.S. Constitution, the Bill of Rights, The Declaration of Independence, The Magna Carta, The Northwest Ordinance, The Constitution of Wyoming, The Common Law, The Declaration of Resolves, The Federalist Papers, The Mayflower Compact, The Articles of Confederation of 1778, The Declaration of Rights of 1965 and 1774, and the case decisions * * *. Specifically, petitioner argued on brief that it was not the intent of Congress in passing the Sixteenth Amendment to tax wages and that compensation *130 for labor is not constitutionally subject to the Federal income tax. Alternatively, he apparently asserts that his wages do not constitute taxable income because they were paid in the form of Federal reserve notes. Without addressing the specific constitutional arguments made by petitioner that compensation from labor does not constitute "income," suffice it to say that section 61(a) specifically provides that "gross income means all income from whatever source derived including (but not limited to) * * * (1) compensation for services * * *." See also sec. 1.61-2(a), Income Tax Regs. Courts have repeatedly held that compensation in whatever form constitutes income subject to Federal taxation, including wages from services. [7] *131 Commissioner v. Duberstein, 363 U.S. 278 (1960); O'Malley v. Woodrough, 307 U.S. 277 (1939); Brushaber v. Union Pacific R.R. Co., 240 U.S. 1 (1916). With respect to petitioner's remaining "legal" and constitutional arguments, let us state simply that such contentions are frivolous and without merit. They have been discussed fully and rejected repeatedly in numerous prior opinions of this and other courts. [8]Wilkinson v. Commissioner, 71 T.C. 633 (1979). Petitioner's next contention that Federal Reserve notes do not constitute "dollars" and that since his wages were paid with such notes he has not received income is equally without merit. Hatfield v. Commissioner, 68 T.C. 895 (1977); see Leitch v. Commissioner, T.C.Memo. 1979-75, affd. in an unpublished opinion 652 F.2d 63 (9th Cir. 1981). In view of our findings herein, we sustain the deficiency. The next issue for determination is whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file a timely return. Petitioner argues that because he has timely filed a Form 1040 he is not liable for such addition to tax. However, it is settled law that a Form 1040 which discloses no information relating to a taxpayer's income and deductions does not constitute a "return" within the meaning of sectidon 6012. Hatfield v. Commissioner, supra; Porth v. United States, 426 F.2d 519 (10th Cir. 1970). Therefore petitioner did not file a 1977 return. Petitioner is liable for this addition to tax unless *132 by the exercise of ordinary prudence he could not have determined that he was required to file a return. See BJR Corp. v. Commissioner, 67 T.C. 111, 131 (1976). [9]
Petitioner's assertion that guarantees of the Fifth Amendment encompass the right to refuse to file an income tax return are unfounded herein. He stated on brief that: Obviously if a form [1040] is filed * * * and total immunity is not granted, the fifth amendment privilege must here be asserted. If * * * information is freely supplied and then later used against him, no one can know what information, at what time, will be incriminating or not. Petitioner presented no evidence indicating that at the time he filed his Form 1040 or at the time he filed the petition herein there was a criminal case pending or contemplated in regard to his Federal tax liability. Moreover, there were no facts indicating that petitioner was either being investigated or prosecuted for any crime. Petitioner seemingly argues that the mere possibility that information provided in a completed Form 1040 might someday be used against him is sufficent to invoke the Fifth Amendment privilege against self-incrimination. *133 This is utter nonsense. We conclude that any possible danger of self-incrimination is so remote or speculative that it cannot support a Fifth Amendment claim. McCoy v. Commissioner, 76 T.C. 1027 (1981). Accordingly, we sustain the addition to tax under section 6651(a)(1) as determined by respondent. The next issue for determination is whether petitioner is liable for an addition to tax under section 6653(a). Petitioner argues that he did not act negligently by virtue of his repeated requests to "the commissioner, the district director from district counsel, from enators, congressmen, etc." for help in completing his Form 1040 "without aborgating his Constitutional rights, and indeed to clear up the matter of whether petitioner is required to file at all." Clearly, the Form 1040 petitioner submitted to respondent for 1977 did not comply with the rules and regulations with respect to the filing of returns. Moreover, we have no doubt that by the exercise of ordinary prudence, petitioner could have determined that the constitutional arguments on which he relies had no basis and would not relieve him of the obligation to file a completed return. Furthermore, placing a double asterisk *134 in each space provided for the reporting of income rather than reporting the wages earned constituted intentional disregard of rules and regulations. Petitioner's cry for "help" will not excuse what was otherwise a negligent or intentional act. Accordingly, we sustain the section 6653(a) addition to tax determined by respondent. The last issue for decision is whether petitioner is liable for an addition to tax under section 6654 for underpayment of estimated tax. [10] Petitioner argues that since payment of the estimated tax is required only of corporations and self-employed individuals, of which he is neither, he is not subject to an addition to tax for failure to pay such tax. Section 6015 provides in pertinent part as follows: (a) Requirement of Declaration.--Except as otherwise provided in this section, every individual shall make a declaration of his estimated tax for the taxable year if-- (1) the gross income for the taxable year can reasonably *135 be expected to exceed-- (A) $ 20,000, * * * [Emphasis added.] Clearly, the requirement for payment of an estimated tax is not limited to self-employed individuals. [11] We therefore sustain respondent's determination of an addition to tax under section 6654. Decision will be entered for the respondent. Footnotes
2. Petitioner had filled in the space provided for total Federal income tax withheld the amount of $ 1,641.18, and he had claimed the same amount in the space provided for the amount to be refunded.↩
3. The $ 1,641.18 withheld from petitioner's wages as Federal income tax will, of course, be applied against any deficiency determined to be due from petitioner.↩
4. Sec. 7214 provides that any officer or employee of the United States convicted of certain criminal acts in connection with any revenue law of the United States may be dismissed from office or discharged from his employment and fined not more than $ 10,000, or imprisoned not more than 4 years, or both. It also provides for damages against such officer or employee in favor of the party injured by such officer's or employee's actions.↩
5. See May v. Commissioner, T.C.Memo. 1981-119; McNeice v. Commissioner, T.C.Memo. 1981-86; French v. Commissioner, T.C.Memo. 1981-9↩. 6. See Rice v. Commissioner, T.C.Memo. 1978-334↩.
7. See Hanson v. Commissioner, T.C.Memo. 1980-197; Wangrud v. Commissioner, T.C.Memo. 1980-162↩. 8. See Wright v. Commissioner, T.C.Memo. 1981-65↩ and cases cited therein.
9. See also Wangrud v. Commissioner, supra↩.
10. Petitioner had a tax liability of $ 4,585.96 for the taxable year 1977 and a credit of $ 1,641.18 for taxes withheld during such years.Sec. 31(a). Therefore, his estimated tax for the taxable year 1977 was $ 2,944.78. Sec. 6015(c).↩
11. A taxpayer who receives wages from which Federal income tax is withheld often does not have to pay estimated tax since total wages withheld generally equal the taxpayer's tax liability for the year. See sec. 6015(a) and (c). However, in the instant case, petitioner had only $ 1,641.18 withheld during the taxable year 1977 wherein his tax liability was $ 4,585.96, and thus his estimated tax amounted to $ 2,944.78.Sec. 6015(c).↩