977 F.2d 585
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Robert J. MCGLONE, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 91-1820.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 7, 1992.*
Decided Oct. 7, 1992.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 Robert J. McGlone appeals pro se from a decision of the United States Tax Court determining his tax liability for 1984, 1985, and 1986. McGlone challenges the jurisdiction of the Tax Court, the impartiality of the judge, and the failure to sanction various IRS employees for alleged misconduct. Respondent Commissioner of Internal Revenue ("Commissioner") argues that McGlone's appeal is frivolous and that we should impose sanctions under Federal Rule of Appellate Procedure 38.
 
 I. BACKGROUND
 
 2
 McGlone received annual income of approximately $17,000 to $22,000 from 1984 to 1986. He filed no federal income tax returns for those years, and no federal income taxes were withheld. The Commissioner sent McGlone notices of deficiency for those three years. The notices indicated the amount of tax owed for each year. They also indicated the statutory additions to those amounts for such things as failure to file a return and underpayment of taxes.
 
 
 3
 McGlone filed an amended petition in the United States Tax Court in which he "maintain[ed] that he had no taxable income for [the] years of 1984, '85, '86, and therefore owes no tax whatsoever." R.Doc. 7. Before trial, the parties stipulated to certain facts. They agreed on the amount of McGlone's income for the three years in question, that he had filed no income tax returns for those years, and that he was entitled to 10 exemptions for 1984 and 11 for 1985 and 1986. R.Doc. 11.
 
 
 4
 Special Trial Judge D. Irwin Couvillion presided over the trial. McGlone confirmed at the beginning his election to proceed under normal court rules rather than the more lenient rules for small tax cases. McGlone began his case by attempting to have Judge Couvillion take judicial notice of some Supreme Court cases, which he believed supported his position that wages are not income and thus he did not have sufficient income to require that he file a tax return. Judge Couvillion explained to McGlone that the purpose of the trial was to establish facts, not argue the law. Nevertheless, he looked at one of the documents McGlone had and concluded that it was not a Supreme Court case, but looked more like literature put out by tax protestor organizations. As the trial proceeded, McGlone offered more evidence of questionable relevance including testimony about levies on his income while his case was pending, more legal argument, and a proposed settlement agreement that was never agreed upon.
 
 
 5
 In his Memorandum Findings of Fact and Order, Judge Couvillion rejected the legal arguments that he perceived McGlone had made at trial. First, McGlone had argued that his wages were not taxable because they were in exchange for his labor, and since he had a cost or basis in his labor equal to the pay he received, he realized no gain. Judge Couvillion found this argument frivolous. Second, Judge Couvillion rejected McGlone's argument that the Commissioner's erroneous assessment of the tax while the matter was pending before the Tax Court did not deprive the court of jurisdiction and did not exonerate McGlone from liability. Judge Couvillion later issued a Decision in which he found deficiencies for all three years. McGlone filed a timely notice of appeal.
 
 II. DISCUSSION
 A. The Tax Court's Jurisdiction
 
 6
 McGlone argues that the Tax Court lacked jurisdiction because the notices of deficiency for the three years in question were invalid. McGlone contends that the notices of deficiency were invalid because they were not based on a signed return. We reject this argument.
 
 
 7
 McGlone admits that he did not file any returns for the three years in question. Treasury Regulation § 301.6211-1(a) specifically defines the "deficiency" in such cases as "the amount of the income tax imposed by [the Code]." See also Laing v. United States, 423 U.S. 161, 174 (1976) (citing Treas.Reg. § 301.6211-1(a) for the proposition that "[w]here there has been no tax return filed, the deficiency is the amount of tax due"). Furthermore, McGlone cites no authority that supports his contention that if the taxpayer does not file a signed return, then the Commissioner must prepare a return on the taxpayer's behalf. McGlone's reliance on I.R.C. § 6014 is erroneous because McGlone earned more that $10,000 for each year in question. Treasury Regulation § 301.6201-1(a) simply does not support McGlone's position.
 
 
 8
 McGlone argues that his case is akin to that in Scar v. Commissioner, 814 F.2d 1363 (9th Cir.1987). In Scar, the Commissioner connected the petitioners to a tax shelter in which they had not participated, resulting in an inaccurate notice of deficiency. The Ninth Circuit found that the notice of deficiency was invalid, and hence the Tax Court lacked jurisdiction. The court reasoned that the Commissioner had made no "determination" of deficiency because it had used information that did not relate to the petitioners. Id. at 1370. McGlone's situation differs from that in Scar because McGlone's notice of deficiency was not based on inaccurate information.
 
 
 9
 To the extent that McGlone argues that the notices are invalid because the Commissioner failed to assess the tax before issuing the notices of deficiency,[1] he is plainly wrong. I.R.C. § 6213(a); Treas.Reg. § 301.6213-1(a).
 
 B. The Trial Judge's Impartiality
 
 10
 McGlone argues that he was denied a fair trial because Judge Couvillion was biased[2] against him.[3] McGlone advances five reasons why we should find that Judge Couvillion was biased.
 
 
 11
 1. Did the Judge Falsify Findings?
 
 
 12
 McGlone first argues that Judge Couvillion falsified numerous factual findings in his memorandum opinion. We find no falsifications. Considering the alleged falsifications in order, McGlone takes issue with Judge Couvillion's finding that the Commissioner "determined" certain deficiencies. McGlone admits that notices of deficiency were served upon him, see Br. at 4, so he is apparently relying again on the argument that the notices were invalid. For the reasons stated above, we reject this argument.
 
 
 13
 McGlone also takes issue with the judge's omission of the jurisdictional issue from his statement of the issues and his reference to McGlone's "unreported income." As for the omission of the jurisdictional issue, we have considered the substance of that issue on this appeal and have found it to be without merit. As for McGlone's "unreported income," we reject his argument that his income was "reported" on his W-2 and W-4 forms. Clearly, Judge Couvillion was referring to the fact that McGlone had not reported his income by filing a tax return for the three years in question.
 
 
 14
 McGlone challenges Judge Couvillion's finding that "In the stipulation, petitioner was allowed 10 exemptions for 1984." McGlone's objection to this statement is not entirely clear, but he seems to argue that knowledge of the exemptions was available before the parties agreed to the stipulation. Judge Couvillion does not imply otherwise; he simply states that the parties agreed in the stipulation to 10 exemptions for 1984, which the record confirms.
 
 
 15
 Next, McGlone disputes the statement that he offered no argument with respect to a partnership distribution that he received. He points to a portion of the trial transcript where he testified about the existence of the partnership distribution, but he fails to identify what legal argument he made regarding it. Judge Couvillion was not disputing the existence of the partnership distribution; he merely noted McGlone's failure to raise any legal argument as to why it was not taxable.
 
 
 16
 Finally, McGlone challenges Judge Couvillion's statement that McGlone "did not seek an injunction ... for the unlawful assessment." McGlone argues that he thought that he was seeking an injunction when he raised the matter with the appeals officer. What McGlone thought, however, is irrelevant. We reject McGlone's contention that Judge Couvillion fabricated this finding.
 
 
 17
 We conclude McGlone's allegations that Judge Couvillion falsified his findings are baseless.
 
 
 18
 2. Did the Judge Harass, Belittle, and Threaten McGlone?
 
 
 19
 McGlone argues that he "suffered continuous harrassment, [sic] belittling, and threats from [Judge Couvillion], which caused obvious manifestations of fear and intimidation." Br. at 9 He points to the judge's response to several interruptions caused by Mrs. McGlone in her attempts to assist her husband. Our review of the transcript reveals that the judge's response was entirely appropriate since Mrs. McGlone was trying to tell McGlone what to say while he was testifying. In fact, Judge Couvillion even asked McGlone if he wished to call his wife to testify, but McGlone declined. Tr. at 43. McGlone also complains that the judge's behavior caused him to decide against reading his "evidence" into the record. McGlone sought to introduce into evidence several judicial decisions that supposedly supported McGlone's legal position. Judge Couvillion repeatedly explained to McGlone that the purpose of the trial was to establish facts, not to present legal arguments, Tr. at 11, 12 & 22, and that McGlone could present his legal arguments in a brief, Tr. at 22 & 47, which McGlone declined to do. McGlone's allegations of harassment are totally unfounded.
 
 
 20
 3. Did the Judge Demonstrate Disdain and Disregard for "the Law"?
 
 
 21
 McGlone cites Judge Couvillion's refusal to take judicial notice of "established case law" as evidence of bias. Yet Federal Rule of Evidence 201, on which McGlone relies, "governs only judicial notice of adjudicative facts." As the Commissioner notes, McGlone was trying to inject legal argument into the trial, and Rule 201 has no application to legal arguments.
 
 
 22
 McGlone also complains that the judge made "comments calculated to discredit [his] well-meaning efforts to establish on the record that he had not been careless, neglectful, or devious in his sincere belief that the issues were soundly decided upon by the Supreme Court and other higher courts." The comments to which McGlone refers are simply Judge Couvillion's explanations that the trial is for the presentation of facts, not legal arguments. These comments were accurate and contain no hint of partiality.
 
 
 23
 4. Did the Judge Exhibit Strong Prejudices?
 
 
 24
 McGlone next argues that the judge appeared to be the prosecutor. McGlone proceeded without a lawyer, so he testified in narrative form. Judge Couvillion did ask questions during McGlone's presentation. However, the questions make clear that he was not acting as a "prosecutor," but rather was trying to elicit information concerning McGlone's tax liability. As Judge Couvillion observed, since McGlone decided to proceed under normal court rules, Tr. at 8, he could have chosen to sit back and say "Okay. Present your case." Tr. at 46. Our reading of the transcript reveals that Judge Couvillion went out of his way to make sure that McGlone had an opportunity to present any relevant information.
 
 
 25
 McGlone also makes the spurious argument that Judge Couvillion demonstrated bias in his decision since he was more concerned with who met the burden of proof than with getting at the truth. We certainly do not fault the judge for concerning himself with the basic issue of the burden of proof.
 
 
 26
 5. Did the Judge Turn the Case into a Prosecution for McGlone's Failure to File a Tax Return?
 
 
 27
 McGlone contends that the judge's inquiry into McGlone's filing status was evidence of bias. We do not agree. Failure to file carries a civil penalty (an addition to tax) under I.R.C. § 6651(a)(1). The notices of deficiency determined that McGlone was liable for such additions for each of the three years in question. McGlone denied in his amended petition liability for any deficiency or addition to tax. R.Doc. 7. Therefore, Judge Couvillion appropriately considered the issue of McGlone's filing status.
 
 C. The Failure to Sanction IRS Employees
 
 28
 McGlone contends that the tax court erred by not sanctioning IRS employees for 1) assessing deficiencies against him while a proceeding was pending in the tax court in violation of I.R.C. § 6213(a), and 2) making false statements before the court. We address each contention in turn.
 
 
 29
 The Commissioner is generally prohibited from assessing or attempting to collect a tax that is being contested in the Tax Court. I.R.C. § 6213(a). The Commissioner twice assessed the disputed tax against McGlone while the matter was pending before the Tax Court, though they were abated, Tr. at 34, and McGlone admitted that he never paid the assessments. Tr. at 35. McGlone apparently believes that this violation of § 6213(a) compels the Tax Court to sanction those employees who committed the violation. We find no language in § 6213(a) supporting this belief. Section 6213(a) does permit the Tax Court to enjoin any such assessment or attempt to collect, but it makes no mention of sanctions.
 
 
 30
 Finally, McGlone argues that the attorney for the IRS made false statements to Judge Couvillion during the trial regarding the attorney's knowledge of the assessments. He also suggests that the attorney and the appeals officer acted unethically by trying to trick him into waiving the prohibition in § 6213(a) against assessments while a case is pending in the Tax Court. McGlone presents no legal argument in the body of his brief as to why the Tax Court erred in not sanctioning the attorney and the appeals officer. McGlone does cite I.R.C. § 7214 at the conclusion of his brief, but § 7214 is a criminal statute. The Tax Court has no jurisdiction to adjudicate a violation of § 7214. See Boger v. Commissioner, 42 T.C.M. (CCH) 1555, 1557 (1981); Rice v. Commissioner, 37 T.C.M. (CCH) 1376, 1378 (1978).
 
 
 31
 In conclusion, we find no error in the fact that the Tax Court did not sanction IRS employees in this case.[4]
 
 
 32
 D. The Commissioner's Request for Sanctions Against McGlone
 
 
 33
 The Commissioner asks us to impose sanctions on McGlone for taking this appeal. Under Federal Rule of Appellate Procedure 38, "if a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee."
 
 
 34
 In deciding whether to impose sanctions under Rule 38, we must decide (1) whether the appeal is frivolous and (2) whether sanctions are appropriate. An appeal is frivolous when the result is foreordained by the lack of substance to the appellant's arguments. Sanctions are appropriate if the appeal is taken with no reasonable expectation of altering the judgment and for purposes of delay, harassment or sheer obstinacy. A-Abart Elec. Supply, Inc. v. Emerson Elec. Co., 956 F.2d 1399, 1406, 1407 (7th Cir.), petition for cert. filed, 61 U.S.L.W. 3062 (U.S. Aug. 4, 1992) (No. 92-138).
 
 
 35
 We believe that McGlone's arguments that Judge Couvillion was biased and that the IRS employees should have been sanctioned are legally frivolous. McGlone's jurisdictional argument is at least supported by citation to Scar, which held that an invalid notice of deficiency deprived the Tax Court of jurisdiction. We cannot say that McGlone's jurisdictional argument is completely frivolous.
 
 
 36
 Although two of McGlone's arguments are frivolous, we are not convinced that McGlone took the appeal for the purpose of "delay, harassment or sheer obstinacy." With respect to McGlone's charge of bias, about halfway through the trial, which largely had consisted of McGlone's disorganized presentation of legal arguments and irrelevant facts, Judge Couvillion finally told McGlone: "You're really taxing my patience." Tr. at 24. We understand Judge Couvillion's frustration. But it's possible that McGlone's ignorance of court procedures led him to believe that he did not have an impartial decision-maker. As for McGlone's argument concerning sanctions against IRS employees, there is at least a factual basis for his claim: the Commissioner did make assessments twice while McGlone's case was pending before the Tax Court. We decline to impose sanctions in this case.
 
 III. CONCLUSION
 
 37
 For the foregoing reasons, we AFFIRM the decision of the Tax Court, and we DENY the Commissioner's request for Rule 38 sanctions.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 **
 I.R.C. § 7443A permits the appointment of a special trial judge in cases such as this where the claimed deficiency does not exceed $10,000
 
 
 [1]
 McGlone seems to make this argument at page 8 of his opening brief, but then appears to retract it at page 1 of his reply brief
 
 
 [2]
 In his reply brief, McGlone objects to the Commissioner's characterization of his claim as one of judicial bias. Reply Br. 5. Given the nature of McGlone's arguments, we find the Commissioner's characterization accurate
 
 
 [3]
 McGlone never asked Judge Couvillion to recuse himself. We would find that McGlone has waived the issue of Judge Couvillion's impartiality, see McKnight v. United States Steel Corp, 726 F.2d 333, 335 n. 1 (7th Cir.1984), except that the Commissioner has not raised it on appeal, thus waiving the issue of waiver. See Shelton v. Director, Office of Workers' Compensation Programs, 899 F.2d 690, 692 (7th Cir.1990). The same analysis applies to McGlone's argument in the next section concerning sanctions against IRS employees
 
 
 [4]
 Having concluded that there is no merit to McGlone's primary arguments, we need not address McGlone's last contention--whether he met the burden of proof on these arguments