**Lar (America First) DALY, Plaintiff-Appellee,**

v.

**William G. STRATTON, Charles F. Carpentier, Elbert S. Smith, Joseph D. Lohman and C. Arthur Nebel, substituted for Grenville Beardsley, Deceased, Defendants-Appellants.**

No. 13595.

United States Court of Appeals Seventh Circuit.

June 12, 1962.

Rehearing Denied July 15, 1962.

William G. Clark, Atty. Gen., William C. Wines, Asst. Atty. Gen., Chicago, Ill., Raymond S. Sarnow, A. Zola Groves, Aubrey Kaplan, Asst. Attys. Gen., of counsel, for appellant.

Lar Daly, Howard Newcomb Morse, Chicago, Ill., for appellee.

Before DUFFY, SCHNACKENBERG, and KILEY, Circuit Judges.

KILEY, Circuit Judge.

This is an appeal by defendants from an order denying their motion to vacate an order setting aside an ex parte judgment of dismissal of plaintiff's damage suit under the "civil rights and elective franchise" provision [1] of the Judicial Code.

Plaintiff, a resident of Illinois, brought suit May 19, 1960, against defendants, as members of the Illinois State Electoral Board, on their alleged refusal to perform their statutory duty to certify him as a Republican candidate for the office of United States Senator from Illinois. Plaintiff prayed for $135,150 actual, and $5,000,000 exemplary, damages.

A motion to dismiss, with supporting brief, was filed by defendants for want of jurisdiction and for failure to state a claim upon which relief could be granted. [2] While the motion was pending, the cause was called "for report on status" by the District Court, and on plaintiff's failure to respond, an order was entered dismissing the cause December 22, 1960 for want of prosecution. [3]

January 20, 1961 plaintiff filed a motion, with supporting affidavit, to set aside the judgment of dismissal, and on January 27, 1961 an order was entered allowing plaintiff's motion. June 15, 1961 defendants filed a motion to vacate the order of January 27, on the ground that that order was entered more than ten days after the dismissal judgment, in violation of Fed.R.Civ.P. 59, 28 U.S.C.A., and 60; that there was no showing that plaintiff was prevented from presenting his motion within ten days; and that therefore the court lacked jurisdiction to vacate its judgment of dismissal on December 22, 1960. November 8, 1961 the District Court denied defendants' motion and ordered them to answer the complaint. Defendants appeal from that order.

The question is whether the order of November 8, 1961 denying defendants' motion to vacate the order setting aside the dismissal judgment is final and appealable.

Prior to the adoption of the Federal Rules of Civil Procedure, an order vacating a judgment and setting a cause for trial was interlocutory in character and not appealable if the vacation order was entered at the same term of court during which the original judgment was entered. [4] Board of Sup'rs of Rockland County v. Knickerbocker Ice Co., 2 Cir., 80 F.2d 248 (1935). However, if the motion to vacate was made after "term time" it was in the nature of a new proceeding which the entering of the order, on the motion, would conclude, making it appealable. Id. In Phillips v. Negley, 117 U.S. 665, 6 S.Ct. 901, 29 L.Ed. 1013 (1886), it was stated that the vacation of a judgment in the exercise of "acknowledged jurisdiction" would leave no judgment effective for purposes of review. But if the judgment is vacated where the court making it is without jurisdiction so to do, then an appealable issue is presented. In light of these rules it was said that appellate jurisdiction depends on whether the District Court itself had jurisdiction in issuing the vacation order. Board of Sup'rs of Rockland County v. Knickerbocker Ice Co., 2 Cir., 80 F.2d 248 (1935).

Defendants' arguments in support of their theory of appealability assume that Fed.R.Civ.P. 59 and 60 were applicable in the case at bar to require that a motion to vacate the order of dismissal must be made within ten days thereof "unless some exceptional circumstances are shown," citing Nugent v. Yellow Cab Co., 7 Cir., 295 F.2d 794 (1961) and Hulson v. Atchison, T. & S. F. Ry. Co., 7 Cir., 289 F.2d 726 (1961), and that this limitation period takes the place of

---

1. 28 U.S.C. § 1343.

2. June 6, 1961 the District Court denied defendants' motion to dismiss the original complaint.

3. U.S.Dist.Ct.N.D.Ill., Rule 21.

4. Since the advent of Fed.R.Civ.P. 6(c), expiration of "term time" does not affect proceedings instituted within the time prescribed therefor by other rules.

"term time" in the Federal Courts. However, both of those cases involved motions for new trial, which are governed by specific time limitations, Fed. R.Civ.P. 50(b) and 59(b), and are therefore distinguishable from the case at bar.

The present case involves the question of relief from an involuntary dismissal, by the court, Darlington v. Studebaker-Packard Corp., 7 Cir., 261 F.2d 903, cert. denied 359 U.S. 992, 79 S.Ct. 1121, 3 L.Ed.2d 980 (1959), under Fed.R.Civ.P. 41(b) and District Court Rule 21. Appellee's affidavit in support of his motion to vacate the judgment of dismissal stated that his failure to respond was due to financial difficulty in the procurement of counsel and that, not being an attorney, he did not have regular access to the Daily Law Bulletin in which the call of cases was published. Fed.R.Civ.P. 60(b) provides that the court may relieve a party from a final judgment or order [5] for " * * * (1) mistake, inadvertence, surprise, or excusable neglect" and that the motion shall be made "within a reasonable time and * * * not more than one year after the judgment, order, or proceeding was entered or taken." Accordingly, this rule governs the timeliness of the motion to vacate. 7 Moore, Federal Practice, ¶¶ 60.22(2), 60.27(2) (2d ed. 1953); Dauphinee v. American Range Line, 1 F.R.D. 437 (E.D.Pa.1940).

We hold that the ten day limitation of Rule 59 does not apply; that there is no merit to the contention of defendants that the order of November 8, 1961 denying their motion to vacate the order setting aside the judgment of dismissal became appealable because based on a motion made after that "term" of ten days; that the District Court had jurisdiction to enter the order "not more than one year after" the judgment of dismissal; and that the order of November 8, 1961 is not final and appealable and this court is therefore without jurisdiction to entertain this appeal.[6] Resnik v. La Paz Guest Ranch, 9 Cir., 289 F.2d 814, 817 (1961).

Appeal dismissed.

---

5. Fed.R.Civ.P. 41(b). " * * * Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits."

6. The record shows that in defendants' motion to vacate the order of January 27, 1961, setting aside the dismissal, the date of that order is erroneously stated as June 6, 1961. This error was carried into the order, of November 8, 1961, appealed from. That order should be corrected (Fed.R.Civ.P. 60 [a]) by substituting the date January 27 for June 6 in the first paragraph. That paragraph now reads:

* * * The Court being fully advised it is

ORDERED that defendants' motion to vacate the Court's order and judgment heretofore entered on June 6, 1961, setting aside its judgment of December 22, 1960, dismissing this case for want of prosecution and with prejudice be and it hereby is denied * * *.