**SECURITIES AND EXCHANGE COM-
MISSION, Plaintiff-Appellee,**

v.

**INVESTMENT CORPORATION OF
AMERICA, Defendant-Appellant.**

**No. 15635.**

United States Court of Appeals
Seventh Circuit.

Nov. 16, 1966.

Donald A. Schabel, David H. Kleiman, John R. Carr, Jr., Don A. Tabbert, Indianapolis, Ind., for defendant-appellant. Bagal, Talesnick & Kleiman, Buschmann, Carr, Schabel & Tabbert, Indianapolis, Ind., of counsel.

Philip A. Loomis, Jr., Ellwood L. Englander, Richard E. Nathan, Atty., Securities and Exchange Commission, Washington, D. C., for appellee.

Before HASTINGS, Chief Judge, and CASTLE and FAIRCHILD, Circuit Judges.

FAIRCHILD, Circuit Judge.

In an action brought by the Securities and Exchange Commission, the district court granted a preliminary injunction. Defendants, including Investment Corporation of America (hereinafter ICA), were enjoined from described practices in the offer or sale of securities of ICA by use of the mails or means of transportation or communication in interstate commerce. The practices enjoined were:

"Obtaining money or property by means of any untrue statements of material facts or omissions to state material facts necessary in order to make the statements made * * * not misleading; * * * Engaging in any transactions, practices or course of business which operates or would operate as a fraud or deceit upon purchasers of such securities. * * *"

The court found that defendants had been engaging in practices so described.

in the sale of ICA securities before the beginning of the action (June 15, 1965). The preliminary injunction was entered July 12, 1965. ICA did not appeal.

On September 21, 1965, ICA made a showing that it had accepted subscriptions and received payment for a substantial number of such securities in instances where, at the time the action was commenced, the certificates had not yet been issued. ICA applied for an order "construing the preliminary injunction" and declaring that the issuance of certificates in such instances would not violate its terms.

The court concluded that the proposed delivery of certificates would be in violation of the preliminary injunction, apparently on the theory that such deliveries would complete the transactions tainted with the unlawful practices, and denied the motion. The court stated, however, that defendants could properly return the consideration received, if requested by the subscriber. ICA appealed from the order, describing it as "overruling the motion * * * for a construction of the preliminary injunction.

Counsel for the commission presented argument on the merits, but expressed doubt of our jurisdiction to review an order construing a preliminary injunction. It is neither a final decision, so as to be appealable under 28 U.S.C.A. sec. 1291, nor one of the interlocutory orders from which 28 U.S.C.A. sec. 1292 permits an appeal.

Counsel for ICA suggested, in reply, that the order was really one which refused to modify an injunction, and, as such, appealable under 28 U.S.C.A. sec. 1292(a) (1).

In appearance, the relief sought was construction, and the district court declined to construe the injunction as ICA requested. Language consistent with a request for modification and a denial thereof was not employed.

If we were satisfied that modification, or refusal of requested modification, rather than construction were the real substance of the matter, we could recognize such substance, disregard form, and exercise jurisdiction.

But we find no reason here to look beyond the form in which ICA chose to cast its application, that of construction.

The attempted appeal is

Dismissed.