709 F.2d 1174
 The BANK OF CALIFORNIA, N.A., Plaintiff-Appellee,
v.
ARTHUR ANDERSEN & CO., Coopers & Lybrand, and Alexander
Grant & Company, Defendants-Appellants.
LaSALLE NATIONAL BANK, Plaintiff-Appellee,
v.
ARTHUR ANDERSEN & CO., Coopers & Lybrand, and Alexander
Grant & Company, Defendants-Appellants.
The FIRST PACIFIC BANK OF CHICAGO, Plaintiff-Appellee,
v.
ARTHUR ANDERSEN & CO., Coopers & Lybrand, and Alexander
Grant & Company, Defendants-Appellants.
 Nos. 83-1598 to 83-1600, 83-1605 to 83-1607, 83-1619,
83-1620 and 83-1637.
 United States Court of Appeals,
Seventh Circuit.
 Submitted May 17, 1983.
Decided June 9, 1983.
Rehearing and Rehearing En Banc Denied July 7, 1983.
 
 Hoken S. Seki, Seki, Jarvis & Lynch, James E. Spiotto, Chapman & Cutler, Chicago, Ill., for plaintiffs-appellees/cross-appellants.
 William Bruce Hoff, Jr., Mayer Brown & Platt, Chicago, Ill., Powell Pierpoint, Hughes Hubbard & Reed, New York City, Robert G. Schloerb, Peterson, Ross, Schloerb & Seidel, Chicago, Ill., Jay Kelly Wright, Hughes Hubbard & Reed, Washington, D.C., Charles W. Boand, Wilson & McIlvaine, Chicago, Ill., for defendants-appellants/cross-appellees.
 Before CUMMINGS, Chief Judge, and BAUER and POSNER, Circuit Judges.
 POSNER, Circuit Judge.
 
 
 1
 The plaintiffs-appellees have moved to dismiss these appeals and to impose sanctions on the defendants-appellants for their alleged bad faith in appealing. Although, as we shall see, the appeals are not frivolous, they are part of a strategy of seeking to obtain procedural advantages that the defendants are well aware they are not entitled to.
 
 
 2
 The plaintiffs (several banks) filed suit in federal district court against the defendants (several accounting firms) on March 12, 1980, alleging that the defendants had made misrepresentations in connection with loans the banks had made to a corporation that the defendant firms had audited and that later went broke. The complaints, which alleged that the notes the corporation had issued to the banks promising to repay the loans were securities within the meaning of the federal securities laws, contained four counts alleging federal securities law violations and one pendent claim under Illinois tort law. The defendants moved to dismiss the complaints on the ground that the notes were not securities within the meaning of the federal securities laws, and on February 5, 1982, the district judge granted the motion, LaSalle Nat'l Bank v. Arthur Andersen & Co., 531 F.Supp. 702 (N.D.Ill.1982), and dismissed the complaints in separate judgments each of which contained the standard recital from Form 32 ("Judgment on Decision by the Court") in the forms appendix to the Federal Rules of Civil Procedure: "It is Ordered and Adjudged that plaintiff take nothing and action is dismissed on the merits."
 
 
 3
 The reference to dismissal on the merits was obviously mistaken with regard to the pendent count (such are the perils of form books). The district judge had not determined the merits of that count. All he had determined was that, since the notes that the corporation had issued to the plaintiffs were not securities within the meaning of the federal securities laws, the plaintiffs had no claim under those laws. The first four counts had therefore to be dismissed and the district judge followed the customary--virtually the mandatory--practice of refusing to exercise jurisdiction over a pendent claim when the federal claims to which it is pendent are dismissed before trial. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966).
 
 
 4
 The plaintiffs moved within ten days to modify the district court's judgments to make the dismissal not on the merits. Although the defendants opposed the motion only insofar as it sought to allow the plaintiffs to continue litigating their federal securities claims, and indeed recommended that the dismissal of the pendent count be made expressly without prejudice to the plaintiffs' pursuing their state law claim in state court, the district judge, on June 7, 1982, denied the motion in its entirety without explanation.
 
 
 5
 Several months later the plaintiffs sued the defendants in an Illinois state court on a claim similar to the pendent claim in the dismissed federal suit. The defendants moved to dismiss the state court suit on the ground that the judgment dismissing the federal suit, having been a judgment on the merits, was res judicata. The state judge stayed the suit before him to allow the parties to determine the status of the federal court judgment (actually judgments, but to simplify this opinion we shall from here on out treat them as one judgment).
 
 
 6
 On December 22, 1982, the plaintiffs moved the district judge under Rule 60 of the Federal Rules of Civil Procedure to correct his judgment to make the dismissal of the pendent claim without prejudice. The defendants opposed the motion, and on January 21, 1983, the district judge denied it on the grounds that neither Rule 60(a) nor Rule 60(b)(1) allowed correction of the kind of "mistake" alleged by the plaintiffs and that the time for filing a Rule 60(b)(1) motion had expired. Within 10 days the plaintiffs filed a motion, purportedly under Rule 60, asking the district judge to clarify the intention behind his original judgment. On March 24, 1983, the judge entered an order, purportedly of clarification, in which he stated that at the time the original judgment had been entered, "It was the Court's intention that the dismissal of the state claims was without prejudice to their refiling in state court." The defendants have appealed from this order and the plaintiffs have moved that the appeal be dismissed on the ground that the order is not appealable.
 
 
 7
 The plaintiffs' original motion to correct judgment, which the district judge denied back in June 1982, had been filed within 10 days of the entry of the judgment and was therefore a proper Rule 59(e) motion to alter or amend judgment. That it was captioned a Rule 60 motion is irrelevant; substance controls in determining whether a postjudgment motion is a Rule 59(e) or a Rule 60 motion. A.D. Weiss Lithograph Co. v. Illinois Adhesive Products Co., 705 F.2d 249, 249 (7th Cir.1983) (per curiam). The motion that the judge denied in January of this year was a genuine Rule 60 motion. The plaintiffs could have appealed from its denial but instead they moved within 10 days for vacation of the denial, and although this motion was again captioned a Rule 60 motion it was in substance and therefore in law a Rule 59(e) motion which therefore stopped the running of the time for filing an appeal. The district judge had the power under Rule 59(e) to vacate his order denying the Rule 60 motion--such an order is a judgment for purposes of Rule 59(e), Morgan Guaranty Trust Co. v. Third Nat'l Bank, 545 F.2d 758, 760 (1st Cir.1976); Inryco, Inc. v. Metropolitan Engineering Co., 708 F.2d 1225, 1232 (7th Cir.1983)--and thus to modify his original judgment in accordance with the Rule 60(b) motion. That he called his order an order clarifying rather than amending or altering the original judgment is, once again, not controlling. SEC v. Investment Corp. of America, 369 F.2d 383, 384 (7th Cir.1966); Buckhanon v. Percy, 708 F.2d 1209, 1212-12, (7th Cir.1983). His intent was that the original judgment read as if the words "on the merits" had never appeared in it. This was modification rather than clarification. See, e.g., Boaz v. Mutual Life Ins. Co. of New York, 146 F.2d 321 (8th Cir.1944). It did not resolve an ambiguity. The original judgment was not ambiguous; the term "on the merits" could not have been construed to mean "not on the merits." What was needed was correction rather than interpretation, and in effect though not in form that was what the district judge supplied.
 
 
 8
 Since an order amending a final judgment is an appealable final order, Ray v. United States, 121 F.2d 416, 418 (7th Cir.1941), the motion to dismiss the appeal must be denied. But since the appellants have filed their appeal brief, and since we do not think oral argument is warranted in a case such as this where the effect would be merely to delay the pending state court action for months over an esoteric procedural point, we shall dispose of the appeal summarily.
 
 
 9
 Rule 60(b)(1) empowers the district court to "relieve a party ... from a final judgment ... for ... inadvertence." The inadvertence can be the court's rather than the parties' and the relief sought partial rather than total. The only question here is whether the motion, filed as it was on December 22, 1982--almost 11 months after the judgment that it sought to modify had been entered and almost seven months after the denial of the previous motion that the plaintiffs had filed in an effort to get the judgment corrected--was timely. A motion under Rule 60(b)(1) "shall be made within a reasonable time," with one year the outside limit. See, e.g., United States v. Forty-Eight Thousand, Five Hundred Ninety-Five Dollars, 705 F.2d 909, 912 (7th Cir.1983).
 
 
 10
 The reasonable-time limitation is of particular importance where the mistake sought to be corrected is the court's rather than the movant's. If the losing party could wait till a year minus a day after the entry of judgment, then file a Rule 60(b) motion containing his grounds for appeal, and then appeal from the denial of that motion, the 30-day limit on taking appeals would be undermined--though it would not be entirely nullified since the standard of appellate review is much more limited when the order being reviewed is not the original judgment but a denial of Rule 60(b) relief from it, Inryco, Inc. v. Metropolitan Engineering Co., supra, 708 F.2d at 1231. Hence most courts require that a Rule 60(b)(1) motion to correct the district court's own error be filed within 30 days of judgment. E.g., Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir.1964) (Friendly, J.). This is a sensible requirement, provided that it is flexibly applied. See Lairsey v. Advance Abrasives Co., 542 F.2d 928, 930-31 (5th Cir.1976). The words "within a reasonable time" invite, and this case illustrates the need for, flexibility. The plaintiffs moved very promptly--within 10 days--to get the original judgment corrected in February 1982. As the defendants did not oppose the motion with respect to the pendent claim, and could not reasonably have done so since the dismissal of that claim on the merits was clear error, the plaintiffs had no reason to think they should take additional steps such as filing an appeal with this court. When some months later the district court denied the motion without explanation, the plaintiffs were still uncertain whether they had to do anything, since, so far as they knew, the defendants were not contesting the correction of judgment that the plaintiffs had asked for with respect to the pendent claim. It was only when the defendants tried to use the original judgment as res judicata in the state court that the plaintiffs knew they had to act, and they then moved promptly to reopen the matter with the district court.
 
 
 11
 The plaintiffs should not be penalized for not having run to us at the first opportunity in order to get an obvious--and maybe uncontested and therefore harmless--error corrected. Rule 60(b)(1) is intended to allow clear errors to be corrected without the cost and delay of an appeal. The error here was clear, and failure to correct it could have had only one effect once the defendants decided to rely on it: to confuse the state court about whether to dismiss the plaintiffs' suit on res judicata grounds. Of course the question of res judicata is for the state courts to decide but they are entitled to know what the district judge thought he was doing when he entered the judgment that is claimed to be res judicata. The problem of figuring out whether a prior judgment should be given res judicata or collateral estoppel effect is a perennial one, see, e.g., Grip-Pak, Inc. v. Illinois Tool Works, Inc., 694 F.2d 466, 469-70 (7th Cir.1982), which we should not make harder than it already is by preventing our district judges from using Rule 60(b)(1) in appropriate cases to correct erroneous forms of judgment.
 
 
 12
 An alternative ground for the relief granted by the district judge should be mentioned--Rule 60(b)(4), which empowers him to set aside a void judgment. The district judge's original opinion recites at the end that it is dismissing the federal claims for want of subject-matter jurisdiction, 531 F.Supp. at 710--so complete was the plaintiffs' failure to establish their securities claim. With no federal subject-matter jurisdiction there was no pendent jurisdiction either and the judgment on the merits of the pendent claim was therefore void.
 
 
 13
 In summary, the plaintiffs' motions to dismiss the defendants' appeals and to impose sanctions are denied but the order of March 24, 1983, from which the defendants have appealed is affirmed. No costs in this court.
 
 
 14
 SO ORDERED.
 
 ON PETITION FOR REHEARING
 
 15
 On June 23, 1983, defendants-appellants filed a petition for rehearing with suggestion for rehearing en banc. All of the judges of the original panel have voted to deny the petition, and none of the active members of the court has requested a vote on the suggestion for rehearing en banc. The petition is therefore DENIED.
 
 
 16
 The appellants argue that in holding that Rule 60(b)(1) may be used to correct an error by the district court in the form of the judgment, we have ignored our previous decisions in Swam v. United States, 327 F.2d 431, 433 (7th Cir.1964), and Hahn v. Becker, 551 F.2d 741, 745 (7th Cir.1977). All that those decisions hold, however, so far as is relevant to this case, is that Rule 60(b)(1) may not be used as an alternative to an appeal. That is, you cannot avoid the time limits on filing an appeal by filing a Rule 60(b)(1) motion challenging the district court's legal rulings and then appealing from the denial of that motion--a point emphasized in our original opinion. Neither decision questions the power of the district court to correct a clear error in order to avoid the cost and delay of an appeal. Although Swam was decided before Schildhaus v. Moe, 335 F.2d 529, 531 (2d Cir.1964), which affirmed the existence of such power under Rule 60(b)(1), Hahn was decided many years after Schildhaus yet does not question the validity of that decision. Even on a purely verbal level, there is no conflict, since the error of the district judge in this case is more aptly described as a clerical error than as an error of law. It is not that the judge mistakenly thought that he should dismiss the pendent claim on the merits; it is that he mistakenly signed a judgment form taken verbatim from the forms appendix to the Federal Rules of Civil Procedure that contained an inapplicable recital--that dismissal was "on the merits."