**Leonard McKNIGHT, Plaintiff-Appellant,**

v.

**UNITED STATES STEEL CORPORATION, Defendant-Appellee.**

**No. 82–2841.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 15, 1983.

Decided Jan. 19, 1984.

Rehearing and Rehearing En Banc Denied June 18, 1984.

---

Leonard D. McKnight, pro se.

S.G. Clark, Pittsburgh, Pa., for defendant-appellee.

Justine S. Lisser, E.E.O.C., Washington, D.C., amicus curiae.

Before PELL and CUDAHY, Circuit Judges, and PERRY, Senior District Judge.*

PELL, Circuit Judge.

On August 16, 1979, defendant-appellee, United States Steel Corporation ("U.S. Steel"), terminated the employment of plaintiff-appellant, Leonard McKnight, a black male. On or about December 17, 1979, McKnight sent documents to the Occupational Safety and Health Administration ("OSHA") in which he alleged violations of various OSHA safety standards and charged that his discharge from, and cer-

---

* Honorable J. Sam Perry, Senior District Judge for the Northern District of Illinois, sitting by designation.

tain employment practices at, U.S. Steel were racially discriminatory. OSHA referred the racial discrimination allegations to the Equal Employment Opportunity Commission ("EEOC") in January, 1980. The EEOC investigated plaintiff's contentions and, on June 18, 1980, McKnight signed a formal EEOC complaint, which was received by the EEOC on June 20, 1980. Following further investigation, the EEOC found that there was not reasonable cause to believe that McKnight's charges were true and issued plaintiff a right-to-sue letter on November 25, 1980.

On February 20, 1981, plaintiff timely filed with the district court his *pro se* Title VII complaint and an affidavit in support of his request for leave to proceed *in forma pauperis* and for appointment of counsel. Defendant moved to dismiss and the district court granted defendant's motion to dismiss on September 1, 1981. The basis for the court's ruling was that over 300-days had elapsed between McKnight's discharge and the filing of his formal EEOC charge and that, under this court's decision in *Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir.1972), the 300 day time limit of 42 U.S.C. § 2000e–5(e) was jurisdictional and not subject to equitable tolling. The district court granted plaintiff ten days in which to file an amended complaint alleging a claim under 42 U.S.C. § 1981; plaintiff did not do so and his case was dismissed on September 18, 1981.

McKnight did not appeal the dismissal, but filed a motion to reinstate the case on March 8, 1982. Plaintiff's motion was based primarily upon Fed.R.Civ.P. 60(b)(2); plaintiff asserted he had found newly discovered evidence on the issue of the timeliness of his filing with the EEOC. Following a hearing before a magistrate, the district court denied plaintiff's motion. Plain-

tiff filed a timely appeal from the denial of his 60(b) motion.

## I.

We wish to emphasize, initially, that we are reviewing only the denial of plaintiff's 60(b) motion. We are without jurisdiction to review the underlying dismissal of the case as plaintiff filed no timely appeal from that dismissal. Fed.R.App.P. 4(a).

The extraordinary relief provided by Rule 60(b) may be granted only upon a showing of exceptional circumstances. *Peacock v. Board of School Commissioners*, 721 F.2d 210, 213 (7th Cir.1983). A motion to vacate a judgment pursuant to Rule 60(b) is addressed to the sound discretion of the district court and a denial of a 60(b) motion will not be overturned on appeal in the absence of an abuse of discretion. *Id.; Planet Corp. v. Sullivan*, 702 F.2d 123, 125 (7th Cir.1983). An abuse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action. *Simons v. Gorsuch*, 715 F.2d 1248, 1253 (7th Cir.1983); *Smith v. Widman Trucking & Excavating, Inc.*, 627 F.2d 792, 795–96 (7th Cir.1980).

## II.

Although McKnight's motion was based upon 60(b)(2), the district court evaluated the evidence before it to determine if plaintiff met the requirements of any of the subsections of 60(b). On appeal, plaintiff urges this court to consider three 60(b) arguments.[1] First, McKnight contends that his motion should have been granted because between the original dismissal of his case and the consideration of his 60(b) motion, the Supreme Court decided *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102

---

1. Plaintiff also contends that Judge Moody acted improperly in denying his 60(b) motion because Judge Moody, while still a magistrate, was the one who recommended that plaintiff's complaint be dismissed for lack of jurisdiction. Plaintiff asserts that it is improper for a judge to sit in review of decisions he or she made

while a magistrate. Plaintiff did not raise this issue below, although he had several months in which to do so, nor did he request Judge Moody to recuse himself. Consequently, we decline to decide the question because we find that McKnight waived any objections he had to the procedure used below.

S.Ct. 1127, 71 L.Ed.2d 234 (1982). In *Zipes,* the Court held that filing a timely Title VII charge with the EEOC is not a jurisdictional prerequisite to bringing suit against a private employer, but is akin to a statute of limitations and subject to equitable tolling. Although it is apparent that the law of this circuit on which the district court relied in dismissing plaintiff's complaint—*see, e.g., Gibson v. Kroger Co.,* 506 F.2d 647, 650 (7th Cir.1974), *cert. denied,* 421 U.S. 914, 95 S.Ct. 1571, 43 L.Ed.2d 779 (1975); *Moore v. Sunbeam Corp.,* 459 F.2d at 821 n. 26—has been overruled by *Zipes,* a change in the applicable law after entry of judgment does not, by itself, justify relief under 60(b). *DeFilippis v. United States,* 567 F.2d 341, 343 (7th Cir.1977). *Cf. Peacock v. Board of School Commissioners,* 721 F.2d at 214 (60(b)(1) motion filed within the time for appeal, calling the trial court's attention to an intervening controlling appellate decision, is a proper means to allow the trial court to correct a decision that would otherwise be corrected by a timely appeal). We find no abuse of discretion in the district court's refusal to reinstate the case because of the *Zipes* decision.

### III.

■ Rule 60(b)(2) allows relief from a judgment within a reasonable time, not to exceed one year, on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." The prerequisites for relief under Rule 60(b)(2) are:

(1) The evidence was discovered following the trial;

(2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred;

(3) the evidence is not merely cumulative or impeaching;

(4) the evidence is material;

(5) the evidence is such that a new trial would probably produce a new result.

*United States v. Walus,* 616 F.2d 283, 287–88 (7th Cir.1980). *See also Peacock v. Board of School Commissioners,* 721 F.2d at 213–14. Plaintiff attached sixteen exhibits to his motion to reopen, most of which supported his claim that he filed his charge with the EEOC in January, 1980, not June, 1980, and that his charge, therefore, was filed well within the 300-day limit. Of those sixteen exhibits, two were in the record before the district court dismissed the action in 1981 and, by definition, are not "newly discovered evidence"; four are letters addressed to McKnight and in his possession before the dismissal, and hence fail to meet at least the first two *Walus* prerequisites; one is a copy of a grievance filed by plaintiff's union and is irrelevant to the question of when McKnight filed with the EEOC; and two exhibits relate to plaintiff's diligence in obtaining copies of his file from the EEOC. We assume, for purposes of this appeal, that plaintiff acted diligently in procuring a copy of his EEOC file. However, we reject plaintiff's 60(b)(2) argument on other grounds.

The remaining seven exhibits relate to McKnight's 1979 filing with OSHA and that agency's subsequent transfer of plaintiff's discrimination allegations to the EEOC. These exhibits purport to be new evidence establishing that McKnight filed his discrimination complaint with the EEOC in January, 1980. However, at the time the district court dismissed plaintiff's complaint, the record already included other uncontradicted evidence that plaintiff filed charges with OSHA in December, 1979, and that OSHA referred the discrimination allegations to the EEOC in January, 1980. McKnight's "new evidence" as to the date he filed his complaint with the EEOC is clearly cumulative in nature to evidence already in the record.[2] Moreover, because

---

**2.** The most significant piece of "new evidence" offered by McKnight is a letter from U.S. Steel to the EEOC, dated July 29, 1980. In it, the defendant states in part: "[a] review of our files indicates that on February 5, 1980 we were forwarded a copy of Form 131 indicating that a Charge of Employment Discrimination had been filed by Mr. McKnight." The letter goes on to state that U.S. Steel did not receive a copy of McKnight's specific allegations until

the record did not contain contradictory evidence on this point, we cannot say that this "new evidence" is such that a new hearing on defendant's motion to dismiss "would probably produce a new result." *Walus,* 616 F.2d at 288.

■ McKnight's real complaint, it appears, is that the district court erroneously decided that charges are deemed "filed" with the EEOC, within the meaning of 42 U.S.C. § 2000e–5(e), when the complainant signs a formal complaint; plaintiff contends that, as a matter of law, a charge is deemed "filed" when the EEOC initially receives notice, whether formal or informal, of discrimination allegations. Plaintiff may not, however, use Rule 60(b) to correct alleged errors of law by the district court which may have been raised by filing a timely appeal from the court's dismissal of plaintiff's complaint. *See infra,* at 338. We cannot say that the district court abused its discretion in refusing to reopen the case on the basis of plaintiff's "new evidence."

### IV.

Finally, *amicus curiae,* EEOC, urges us to reverse because, it argues, the district court erroneously denied McKnight's repeated requests for appointed counsel. The EEOC contends that the district court did not comply with the guidelines we set forth in *Jones v. WFYR Radio/RKO General,* 626 F.2d 576 (7th Cir.1980) (per curiam), *overruled on other grounds, Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981) (per curiam), for appointment of counsel in Title VII actions. It is clear from the record that the district court, although aware of *Jones,* did not use the

*Jones* guidelines in denying plaintiff's requests for appointment of counsel; instead, the court relied on the factors we have identified as appropriate under 28 U.S.C. § 1915 in cases involving prisoners, particularly the *pro se* plaintiff's competency to represent himself.[3] *See Caruth v. Pinkney,* 683 F.2d 1044 (7th Cir.1982); *Maclin v. Freake,* 650 F.2d 885 (7th Cir.1981). *See also Brown-Bey v. United States,* 720 F.2d 467, 471 (7th Cir.1983). Before we consider, however, whether the district court should have granted 60(b) relief because it previously denied appointment of counsel based upon the wrong criteria, we must determine whether this is the type of error which may be corrected by a 60(b) motion.

The EEOC cites *Daly v. Stratton,* 304 F.2d 666 (7th Cir.), *cert. denied,* 371 U.S. 934, 83 S.Ct. 306, 9 L.Ed.2d 270 (1962), for the proposition that a *pro se* plaintiff who suffers dismissal of his action because he is prejudiced by lack of counsel may obtain reinstatement under Rule 60(b). In *Daly,* the district court dismissed the *pro se* plaintiff's case for want of prosecution after plaintiff failed to respond to the court's call for a status report. Plaintiff moved to have his case reinstated under 60(b)(1), stating that his failure to respond was due to his financial inability to retain counsel and that, not being an attorney, he did not have access to the Daily Law Bulletin in which the call of cases was published. 304 F.2d at 668. The district court granted plaintiff's motion, reinstated the case and denied defendants' subsequent motion to vacate its order setting aside the judgment of dismissal. This court agreed with the district court that plaintiff's motion was timely under Rule 60(b)(1) and, consequently, held

July 1, 1980. In addition, the letter sets forth defendant's argument that McKnight did not file a timely complaint because his formal complaint was not filed until June 20, 1980. This letter, while evidence that defendant received notice that the EEOC was investigating plaintiff's discrimination allegations, does not prove that U.S. Steel knew or acknowledged that McKnight filed a *timely* charge with the EEOC; rather, the letter reiterates defendant's position that McKnight filed an untimely charge. In addition, the letter is cumulative in that it is

additional evidence that McKnight filed discrimination allegations with the EEOC in January, 1980.

**3.** We note in passing that plaintiff handled himself well in oral argument and adequately briefed the legal questions presented in his appeal. Counsel for defendant, however, stretched the limits of credulity when he claimed, at oral argument, that plaintiff's *pro se* briefs were as good as any he has ever read.

that we were without jurisdiction to consider defendants' appeal of the denial of their motion to vacate.

The EEOC reads *Daly* too broadly. In that case, this court decided only that plaintiff's motion to vacate the dismissal was a Rule 60(b) motion, that the ten day limit of Rule 59 did not apply and that we lacked jurisdiction to consider the appeal. We did not review the propriety of the district court's order granting the 60(b) motion. Even assuming that we approve of the district court's action in *Daly,* the case establishes only that lack of counsel may be a factor in demonstrating "mistake, inadvertence, surprise, or excusable neglect" within the meaning of 60(b)(1).

In the instant appeal, in contrast, the relief sought by McKnight and the EEOC, in essence, is the correction of errors of law made by the district court. First, plaintiff claims that the district court erroneously determined when an EEOC charge, as a matter of law, is deemed filed with the agency. See part III, *supra.* Second, the EEOC contends that plaintiff was denied appointed counsel because the district court used incorrect criteria in denying plaintiff's requests. Had the district court used the correct criteria and appointed counsel, the EEOC argues, plaintiff's case would not have been dismissed because a competent attorney would have been able to establish that the charges were timely filed with the EEOC or would have requested a delay in the ruling on defendant's motion to dismiss to await the Supreme Court's decision in *Zipes.*

 We need not discuss the merits of either argument because Rule 60(b) is not intended to correct errors of law made by the district court in the underlying decision which resulted in a final judgment. *Hahn v. Becker,* 551 F.2d 741, 745 (7th Cir.1977); *Swam v. United States,* 327 F.2d 431, 433 (7th Cir.), *cert. denied,* 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55 (1964). We recently reiterated this principle in *Bank of California, N.A. v. Arthur Andersen & Co.,* 709 F.2d 1174 (7th Cir.1983): a plaintiff "cannot avoid the time limits on filing an appeal by

filing a Rule 60(b)(1) motion challenging the district court's legal rulings and then appealing from the denial of that motion." 709 F.2d at 1178. The appropriate way to seek review of alleged legal errors is by timely appeal; a 60(b) motion is not a substitute for an appeal or a means to enlarge indirectly the time for appeal. *Peacock v. Board of School Commissioners,* 721 F.2d at 214; *Bank of California, N.A. v. Arthur Andersen & Co.,* 709 F.2d at 1178; *Inryco, Inc. v. Metropolitan Engineering Co.,* 708 F.2d 1225, 1230 (7th Cir.1983). By not filing a timely appeal from the order dismissing his case, plaintiff waived his right to have this court review errors of law made by the district court in that order. Such errors may not be used as a basis to obtain relief under 60(b).

Our holding is not inconsistent with *Daly v. Stratton.* While we agree that lack of counsel may sometimes be a factor warranting relief under Rule 60(b), a *pro se* party is not relieved from the requirement that errors in the district court's legal rulings be corrected by a direct appeal rather than an appeal from the denial of a 60(b) motion.

### V.

For the foregoing reasons, we affirm the judgment of the district court.

CUDAHY, Circuit Judge, concurring.

Although I accept the unexceptionable analysis and result of the majority opinion, I am not persuaded that justice has been well served by our efforts here. I cannot help but believe that errors of law have occurred which competent counsel could have avoided, or caused to be corrected on appeal. In *Randle v. Victor Welding Supply Co.,* 664 F.2d 1064 (7th Cir.1981) (per curiam), we decided that an order denying a motion for appointment of counsel was not immediately appealable. The majority there concluded that, "the postponement of review . . . does not result in the effective denial of the right at issue." *Id.* at 1066. In the present case, it may well be that the postponement of review has contributed to

the effective extinguishment of the right. *See id.,* at 1067 n. 6. Hopefully, faithful adherence by the district courts to the standards for appointment of counsel in Title VII cases set forth in *Jones v. WFYR Radio/RKO General,* 626 F.2d 576 (7th Cir. 1980) (per curiam), will tend to minimize any problems of this sort.