925 F.2d 1468
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Roger CLINE and Stanley Wells, Plaintiffs/Appellants,
v.
AMERICAN AIRLINES, INCORPORATED, a foreign corporation,
Defendant/Appellee.
 No. 90-1096.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 14, 1990.
Decided Feb. 20, 1991.
 
 ORDER
 Before CUDAHY, RIPPLE, and KANNE, Circuit Judges.
 
 
 1
 Plaintiffs appeal the district court's denial of their motions for relief brought under Federal Rule of Civil Procedure 60(b). Plaintiffs' case against the defendant was dismissed on August 25, 1989, after the plaintiffs failed to respond to the defendant's motion to dismiss the second amended complaint. On November 1, 1989, plaintiffs filed a Rule 60(b) motion for relief from the court's order granting the defendant's motion to dismiss. The district court denied this motion in a memorandum opinion entered December 15, 1989. On January 3, 1990, the plaintiffs filed a motion to reconsider the December 15, 1989, order denying plaintiffs relief under Rule 60(b). Again the court denied relief. Plaintiffs now appeal from both denials.
 
 I. FACTS
 
 2
 This litigation arises out of an incident on an overseas American Airlines flight which eventually led to the arrest of the plaintiffs at O'Hare International Airport in Chicago, Illinois. This case involves the plaintiffs' second amended complaint filed on June 16, 1989, naming only American Airlines as defendant. The defendant filed a motion to dismiss the second amended complaint on July 14, 1989.
 
 
 3
 On July 14, 1989, the district court held a status hearing. The plaintiffs were represented by Mary C. Sweeney ("Sweeney"), an attorney with the law firm of Susan E. Loggans and Associates ("Loggans"). The Loggans firm has represented the plaintiffs throughout this litigation. The transcript of the status hearing indicates that counsel for the defendant and the plaintiffs were present. At the hearing, the court set a briefing schedule, the plaintiffs' response was due on July 28, 1989. The court set September 15, 1989, as the next court date for the ruling on defendant's motion. Sweeney left the Loggans firm prior to July 28, 1989.
 
 
 4
 Plaintiffs' case was then turned over to Joseph McGuire, who joined the Loggans firm on July 24, 1989, four days before the due date. According to the plaintiffs, when McGuire inquired about the plaintiffs' case some of the members of Loggans' staff mistakenly informed him that the response brief had already been prepared and filed by Sweeney. However, Sweeney never filed a response to defendant's motion to dismiss before her departure from the firm.[1] The July 28, due date came and went and no response was filed. On August 25, 1989, the court granted defendant's motion and dismissed the case. The court did not rule on the merits of the dismissal. In its minute order the court stated "Plaintiff having failed to file a response to defendant's motion to dismiss as ordered by the court on July 14, 1989, defendant's motion to dismiss is granted." Cline v. American Airlines, No. 89 C 1984 (N.D.Ill. Aug. 25, 1989).
 
 
 5
 The court sent out copies of the dismissal order to counsel of record on August 25, 1989. The Loggans firm received a copy of the dismissal order on August 29. However, McGuire only became aware of the dismissal order around September 13 as he was preparing for the September 15 ruling date. According to the plaintiffs, McGuire did not initially realize that the dismissal was a final judgment on the merits of the case and no appeal was taken from the order. Instead, he prepared a third amended complaint in an attempt to rectify the situation. The district court denied plaintiffs' motion for leave to file a third amended complaint. The court explained that the August 25 dismissal order disposed of the case entirely in favor of the defendant.
 
 
 6
 Plaintiffs filed a motion for relief pursuant to Rule 60(b) on November 1, 1989. The district court denied plaintiffs' Rule 60(b) motion on December 18 for failure to show cause for the error. On January 8, 1990, plaintiffs filed another 60(b) motion asking the court to reconsider its denial of plaintiffs' first 60(b) motion. The court denied plaintiffs' second motion on January 12. The plaintiffs timely appealed requesting that this court reverse the district court's orders denying relief pursuant to Rule 60(b). We affirm.
 
 II. Analysis
 
 7
 The question before us on appeal is whether the district court abused its discretion in denying plaintiffs' Rule 60(b) motions. At the outset it must be emphasized that we review only the denial of plaintiffs' Rule 60(b) motions. This court is without jurisdiction to review the underlying dismissal of this case as the plaintiffs filed no timely appeal from that dismissal. Del Carmen v. Emerson Electric Company, 908 F.2d 158, 161 (7th Cir.1990). Additionally, we note that the defendant's waiver argument regarding the issues raised in the plaintiffs' second 60(b) motion is misplaced. The waiver doctrine is inapplicable to the facts of this case. Defendant cites to cases involving situations in which a party failed to bring an issue to the district court's attention before raising it on appeal. This case involves two Rule 60(b) motions which the district court reviewed and denied.
 
 A. General Application of Rule 60(b)
 
 8
 Relief from judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. Del Carmen, 908 F.2d at 161. It is well settled in this circuit that our review of the district court's denial of a Rule 60(b) motion for relief from a judgment is a limited one. Id. The determination of whether Rule 60(b) relief should be granted is left to the sound discretion of the trial court. Reinsurance Co. of America, Inc. v. Adminstratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990). As such, the district court's decision may only be reversed for an abuse of discretion. Id. " '[A]buse of discretion in denying a 60(b) motion is established only when no reasonable person could agree with the district court; there is no abuse of discretion if a reasonable person could disagree as to the propriety of the court's action.' " Id. (quoting McKnight v. United States, 726 F.2d 333, 335 (7th Cir.1984)). In short, the Rule 60(b) determination is characterized in this circuit as " 'discretion piled on discretion.' " Daniels v. Brennan, 887 F.2d 783, 790 (7th Cir.1989) (quoting Tolliver v. Northrop Corp., 787 F.2d 316, 318-19 (7th Cir.1986)).
 
 B. Plaintiffs' First Rule 60(b) motion
 
 9
 Federal Rule of Civil Procedure 60(b)(1) provides that the "court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for ... mistake, inadvertence, surprise, or excusable neglect...." We have frequently held that "inadvertence or excusable neglect" under Rule 60(b)(1) does not mean a party is entitled to relief from the results of negligence or carelessness. Lomas and Nettleton Co. v. Wiseley, 884 F.2d 965, 967 (7th Cir.1989). "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Id. (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir.1986)). In order to obtain relief under 60(b)(1) some justification for the error beyond failure to exercise due care must be shown. Lomas, 884 F.2d at 967. In this case plaintiffs must prove that the failure to file a response to defendant's motion to dismiss was excusable neglect and not the result of mere negligence or carelessness.[2]
 
 
 10
 In justifying the error, the plaintiffs state that McGuire began work at the Loggans firm only four days before the response was due. In addition to plaintiffs' case, McGuire received fifty other cases on the day he began work. When McGuire inquired about the status of the plaintiffs' case, Loggans' support staff told him that the plaintiffs' prior attorney, Sweeney, already prepared and filed a response to the pending motion to dismiss. In fact, Sweeney had not prepared the plaintiffs' answer, but had instead prepared and filed a brief in a related case.
 
 
 11
 The district court found that although McGuire did "everything he could have done under the circumstances", the facts failed to demonstrate excusable neglect under Rule 60(b)(1). The district court reasoned that the plaintiffs never demonstrated cause for Sweeney's failure to prepare or file the answer to the motion even though she was the attorney in charge of the case for the majority of the litigation. Additionally, the court noted the careless method in which the Loggans firm transferred cases. The court found that the facts indicated carelessness on both the part of Sweeney and the Loggans firm and that the plaintiffs offered nothing more than negligence in justifying the error.
 
 
 12
 This court holds that the district court reasonably found that the plaintiffs failed to establish cause beyond mere negligence for their failure to file a response to defendant's motion to dismiss. The district court correctly relied on our decisions holding that the breakdown of internal office procedures is insufficient to support a finding of excusable neglect. See Lomas, 884 F.2d at 968 (finding district court abused its discretion in granting relief where error result of the breakdown of internal office procedures and careless oversight); North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co. Inc., 842 F.2d 164, 167-68 (7th Cir.1988) (no relief from default judgment where in house counsel failed to inform outside counsel of summons and complaint resulting in outside counsel's failure to respond because "internal procedures simply broke down").
 
 
 13
 In this case Loggans' internal procedures regarding the transferring and status of cases broke down. The plaintiffs offered no explanation in their first Rule 60(b) motion for Loggans' carelessness in keeping track of the status of a lawsuit and transferring cases. When diligence in keeping track of the progress of a lawsuit is not demonstrated, a district court does not abuse its discretion in failing to grant relief under Rule 60(b)(1). Coleman v. Smith, 814 F.2d 1142, 1146 (7th Cir.1987). Further, the plaintiffs' offered no justification for Sweeney's failure to prepare or file a response to the motion to dismiss. McGuire, as current counsel, is not entitled to claim prior counsel's negligent handling of the case justifies relief. Connecticut National Mortg. Co. v. Brandstatter, 897 F.2d 883, 884-85 (7th Cir.1990). Thus, the district court did not abuse its discretion in denying plaintiffs' first Rule 60(b) motion.
 
 C. Plaintiffs' Second Rule 60(b) Motion
 
 14
 On January 8, 1989, plaintiffs filed what they characterized as an "emergency motion" to reconsider the court's December 15, 1989 order denying their 60(b) motion. The district court denied the second Rule 60(b) motion on January 12, 1990. Once again, our review of the court's determination is limited to an abuse of discretion. Del Carmen, 908 F.2d at 161. The district judge stated in open court on January 12, 1990, that "I have read both the motion and the answer and I am persuaded I did not make a mistake previously" (Trans. Vol. 6 at p. 4). This court may affirm the district court's decision to deny relief when the district judge's decision is supported by proper reasons in the record. Tolliver v. Northrop Corp., 786 F.2d 316, 319 (7th Cir.1986). With the exception of plaintiffs' new theory, that Sweeney misled the members of the Loggans firm that she filed a brief in response to the plaintiffs' complaint before the termination of her employment there, the second 60(b) motion sets forth substantially the same grounds for relief as set forth in the first 60(b) motion. In support of their new theory the plaintiffs attached the affidavits of staff and attorneys at Loggans. However, the plaintiffs attach no affidavit of Sweeney. Additionally, the plaintiffs' second motion sets forth an elaborate description of the docket and diary system in place at Loggans firm, apparently in an attempt to rebut the district court's earlier conclusion that the plaintiffs' case was transferred without any safety checks.
 
 
 15
 Whether we interpret the plaintiffs' alleged grounds for relief under Rule 60(b)(1) ("excusable neglect") or any other ground listed in Rule 60(b), we find no abuse of discretion for denying relief. Plaintiffs' second motion failed to present a justification for the primary neglect in the handling of the case by Sweeney. Furthermore, plaintiffs' misrepresentation theory does not justify relief in that this case still involves the breakdown of internal office procedures.[3] As stated before, the breakdown of internal office procedures is not excusable neglect. Lomas, 884 F.2d at 968. Likewise, plaintiffs' recitation of Loggan's docket and diary system does not warrant granting relief. Here there is no evidence that McGuire or other members of Loggans' staff ever checked the court's docket sheet to determine the status of the case after Sweeney departed. Based on these facts the district court did not abuse its discretion in denying plaintiffs' second 60(b) motion.
 
 
 16
 The defendants also assert that the plaintiffs did not present their motions timely, take quick action to correct the order of dismissal or present a meritorious claim. Having found no abuse of discretion, it is unnecessary to rule on these contentions. The district court's judgments denying relief under Rule 60(b) are AFFIRMED.
 
 
 
 [1]
 Plaintiffs contend that although a response was not filed, Sweeney did prepare a response to defendant's motion. Defendant counters that plaintiffs' purported response to the motion to dismiss the second amended complaint is actually plaintiffs' earlier response to defendant's motion to dismiss the first amended complaint
 
 
 [2]
 Although plaintiffs' motion did not articulate which subsection of Rule 60(b) they relied upon, the district court treated plaintiffs' motion as brought pursuant to Rule 60(b)(1). Plaintiffs never objected to this characterization. As such this court analyzes plaintiffs' motion for relief under Rule 60(b)(1). Kagan v. Caterpiller Tractor Co., 795 F.2d 601, 606 (7th Cir.1986)
 
 
 [3]
 Even if the plaintiffs were to bring this motion under 60(b)(6) ("any other reason justifying relief from operation of the judgment"), and characterize Sweeney's alleged misrepresentations as grossly negligent conduct, which they do not, they would not be entitled to relief. "This court has never held that an attorney's gross negligence justifies relief under Rule 60(b)." Reinsurance, 902 F.2d at 1278