940 F.2d 666
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Dennis Purtell MARX, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-1375.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 17, 1991.*
Decided July 24, 1991.
 
 Before CUDAHY and COFFEY, Circuit Judges, and PELL, Senior Circuit Judge.
 
 ORDER
 
 1
 Petitioner-Appellant, Dennis P. Marx, appeals from a district court order denying his motion for relief from judgment under Rule 60(b)(2) of the Federal Rules of Civil Procedure. Marx argues that he is entitled to relief because newly discovered evidence establishes that he is not guilty of the continuing criminal enterprise count to which he pleaded guilty.
 
 I.
 
 2
 In August 1985, an indictment was returned against Marx. The indictment named Marx in twenty-six of forty-three counts. Marx eventually pleaded guilty to one count of income tax evasion in violation of 26 U.S.C. Sec. 7206(1), one count of possession of an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d), and one count of participating in a continuing criminal enterprise in violation of 21 U.S.C. Sec. 848. The additional charges against Marx were dropped as were the charges in a companion case. Marx was sentenced to a term of twenty-five years in prison. His sentence was reduced to sixteen years pursuant to a motion filed under Rule 35 of the Federal Rules of Criminal Procedure.
 
 
 3
 Marx filed a collateral challenge under 28 U.S.C. Sec. 2255 to his conviction in the district court in May 1987 alleging that his plea had not been knowing and voluntary. In January 1989, the district court denied the petition. Marx appealed the denial of his Sec. 2255 motion to this court and the district court's denial of the petition was affirmed. Marx v. United States, 930 F.2d 1246 (7th Cir.1991). While the appeal of his Sec. 2255 petition was pending, Marx filed a motion for a limited remand in this court in light of newly discovered evidence. We issued an order denying the motion for remand without prejudice citing Egger v. Phillips, 710 F.2d 292, 329 (7th Cir.1983). We directed Marx to file a Rule 60(b)(2) motion with the district court initially and if the court indicated that it would entertain the motion, then Marx could refile his motion for a limited remand. In response to that order, Marx filed a Rule 60(b)(2) motion in the district court. In an order December 14, 1989, the district court denied the motion, concluding that it was not persuaded by the evidence presented with the motion and Marx's accompanying assertion of innocence on the basis of the allegation that he had not supervised five or more persons as is required under the continuing criminal enterprise statute. The propriety of the district court's denial of the Rule 60(b)(2) motion is the issue before us in the instant appeal.
 
 II.
 
 4
 Initially, we note that the language in the district court's decision is subject to more than one interpretation as to its meaning. The district court concluded its order "[i]n short, without a mandate from the appellate court, this court has no interest in entertaining a Rule 60(b) motion." Thus, it might be argued that instead of denying the motion, the district court elected not to consider the motion at all. We believe that the district court denied the motion despite the use of language tending to indicate otherwise. In our order denying the motion for a limited remand, we directed Marx to file a Rule 60(b) motion in the district court to receive an indication of whether the district court was interested in entertaining the motion citing Egger v. Phillips, 710 F.2d 292, 329 (7th Cir.1983). However, in Egger this court noted that the appropriate procedure in such situations contemplates that the district court consider the motion and determine whether it is inclined to grant it. If so, then the moving party should again request that the case be remanded to the district court. Id.; See also Washington v. Board of Educ., 498 F.2d 11 16 (7th Cir.1974) and 11 Wright & Miller, Federal Practice and Procedure: Civil Sec. 2873, at 263-66 (1973). Irrespective of the language contained in the district court's order, we assume that the district court followed our order and employed the procedure enunciated in Egger. We believe that the district court's decision was in actuality a denial of the defendant's motion for relief from judgment; therefore, we will proceed to consider the question of whether the court erred in that denial.
 
 
 5
 The prerequisites for relief from judgment under Rule 60(b)(2) for newly discovered evidence have been enumerated as follows:
 
 
 6
 1) the evidence was discovered following the trial;
 
 
 7
 2) due diligence on the part of the movant to discover the new evidence is shown or may be inferred;
 
 
 8
 3) the evidence is not merely cumulative or impeaching;
 
 
 9
 4) the evidence is material;
 
 
 10
 5) the evidence is such that a new trial would probably produce a new result.
 
 
 11
 In the Matter of Wildman, 859 F.2d 553, 558 (7th Cir.1988) (quoting McKnight v. United States Steel Corp., 726 F.2d 333, 336 (7th Cir.1984)). The Wildman court noted that "[i]f any of these prerequisites is not met, the [movant's] Rule 60(b)(2) motion must fail." Id. Our review of the denial of a Rule 60(b)(2) motion is governed by the narrow abuse of discretion standard. Gomez v. Chody, 867 F.2d 395, 405 (7th Cir.1989). "To find an abuse of discretion, we must conclude that 'no reasonable man could agree with the district court.' " Id. (quoting Mumford v. Bowen, 814 F.2d 328, 329 (7th Cir.1986)) (other citations omitted).
 
 
 12
 Given this deferential standard of review, we cannot reverse the district court's denial of the motion for relief from judgment on the record before us. The evidence that Marx maintains is "newly discovered" consists of signed statements and interview summaries of eleven of the sixteen people that Marx was alleged to have supervised in the criminal enterprise. In the statements, the named individuals assert that Marx did not function as their boss in the illegal activity and that they were not Marx's " 'hired gangsters' for the express purpose of committing crimes." The "newly discovered" evidence also consists of a private investigator's summary of interviews conducted with five other co-defendant's, indicating that they to deny that Marx was the supervisor of the criminal enterprise of which they were a member. Marx also included a chart with his Rule 60(b) motion which summarized the material in the witnesses' statements and the statement of the private investigators.
 
 
 13
 Contrary to Marx's assertions, a review of the evidence presented to the district court does not demonstrate that he is innocent of the continuing criminal enterprise charge. The district court noted that it was "hardly persuaded by the signatures of co-defendants and other on documents which state that Marx was not their boss and they were not his 'hired gangsters.' " We would agree that the evidence was not of such a kind or character as to signal that the outcome of the case would in all probability have been different had the statements been admitted. Marx acknowledged in his plea that there was a factual basis for his guilty plea. A majority of this court found that Marx's plea was knowingly and voluntarily made. Thus there is evidence in the record that Marx admitted to being the supervisor of the criminal enterprise. As such, it would seem that, at best, the statements from the co-defendants would only create a credibility issue to be resolved by the district court. They would not necessitate a different outcome in this case.
 
 
 14
 In addition, there is no showing that the evidence was unavailable to Marx at the time of his plea. In its offer of proof, the government listed the sixteen individuals that it maintained were supervised by Marx in the criminal enterprise. Thus, it would seem that once Marx knew the identity of those people either he or his attorney through the exercise of reasonable diligence could have obtained the evidence at that stage of the proceedings which he now seeks to introduce as newly discovered. Marx seems to argue that he was not aware of the requirement that he be found a supervisor under Sec. 848 before criminal liability under the continuing criminal enterprise statute would attach. However, a majority of this court rejected the argument that Marx was not apprised of and did not understand the elements of the criminal enterprise charge. That determination is binding in this appeal. Therefore, Marx's assertion that he did not offer the evidence to refute a finding that he was a supervisor or manager in a criminal enterprise because he was unaware of the requirement that the government prove the same cannot operate to excuse Marx's failure to diligently pursue and present this evidence.
 
 
 15
 Because we believe that Marx has failed to demonstrate reasonable diligence to discover the evidence rebutting the allegation that he was a manager or supervisor in a criminal enterprise and because he has not demonstrated that the evidence was of the type that it would almost of necessity change the outcome in this case, we find that Marx has not satisfied the prerequisites for relief from judgment under Rule 60(b)(2). Therefore, we find no abuse of discretion in the district court's decision to deny relief from judgment and that decision is AFFIRMED.
 
 
 16
 CUDAHY, Circuit Judge, concurring in the judgment.
 
 
 17
 In Marx v. United States, 930 F.2d 1246, 1254 (7th Cir.1991), I dissented from the panel opinion, which affirmed the determination that Marx's guilty plea had been knowing and voluntary and that the plea agreement had not been breached by the government. I adhere to the views expressed in that dissent but accept the majority view as the law of the case and therefore controlling here. On that basis, I concur in the judgment.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Petitioner-Appellant has filed such a statement and requested oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record