**R. C. BROWLEY, Appellant,**

**v.**

**Jesse MURKISON, Appellee.**

Court of Appeals of Kentucky.

Sept. 23, 1955.

Tom D. Harris, Morganfield, Nichols & Nichols, Madisonville, for appellant.

Leonard T. Mitchell, Henderson, Will Tom Wathen, Morganfield, for appellee.

PER CURIAM.

Appellee, Jesse Murkison, filed suit in the Union Circuit Court by which he sought to recover damages from the appellant for loss of consortium and services of his wife as the result of the negligent operation of appellant's automobile at the time of the collision between the automobile driven by appellee and that of appellant.

Appellee's automobile was covered by an insurance contract issued to him by the U. S. Fidelity and Guaranty Co. The insurance company intervened in the suit and set forth that it had paid according to the terms of the insurance policy the sum of $819.50 to compensate appellee for damages sustained to his automobile in the collision, and asked reimbursement for this amount.

The trial of the case resulted in a verdict for appellee, Jesse Murkison, in the sum of

$2,270 and for the intervening petitioner, U. S. Fidelity and Guaranty Co. in the sum of $819.50. The court entered a judgment for the respective claimants in the amounts indicated by the judgments against the appellant, R. C. Browley. Appellant filed notice of appeal pursuant to CR 73.03 and this case has been prosecuted as though appellant had an appeal as a matter of right. We think this case is properly one which should have been presented by a motion for appeal under KRS 21.080.

We have frequently held that appellate jurisdiction cannot be conferred by combining actions and amounts, no one of which is in itself of sufficient size to confer jurisdiction. See Sterling Hardware Co., Inc., v. Jeff Newberry Co., Inc., 287 Ky. 833, 155 S.W.2d 443. We believe the same rule and theory is applicable in determining whether an appeal may be granted as a matter of right or only upon motion under KRS 21.080. Here, one appellee has a judgment for $2,270 and another has judgment for $819.50. Each judgment is less than the value required before a litigant is granted an appeal as a matter of right under KRS 21.080. However, in this case we will proceed as if a motion for an appeal under KRS 21.080 had been made.

An examination of the record and a consideration of the briefs filed fail to disclose that a substantial error was committed during the trial. We think that under the circumstances shown the trial court did not abuse a sound discretion in permitting Officer Spencer to testify after the witnesses had been put under rule. Robertson v. Commonwealth, 275 Ky. 8, 120 S.W.2d 680; Illinois Cent. R. Co. v. Outland's Adm'x, 160 Ky. 714, 170 S.W. 48. The court properly permitted him to use the descriptive phrase "point of impact" after he had fully disclosed the facts upon which he based his statements.

We find nothing prejudicially erroneous in the instructions and call attention to the fact that CR 51 not only requires immediate objection to the instructions, but also places a duty upon the objecting party to state specifically the matter to which he objects and the grounds of his objection which was not done in this case. See Brumley v. Richardson, Ky., 273 S.W.2d 54.

Motion for appeal overruled and judgment affirmed.