James C. **NORTON**, Plaintiff-Appellant,

v.

**GORDON FOODS, INC.,** et al.,
**Defendants-Appellees.**

Jo Ann **BOND,** Administratrix, etc.,
Plaintiff-Appellee,

v.

**NEWMAN AND PEMBERTON TRUCK-ING CO.** et al., **Defendants-Appellants.**

No. 71-1647.

United States Court of Appeals,
Sixth Circuit.

April 17, 1972.

Robert L. Milby, London, Ky., for appellants; Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, Ky., on brief.

Paul Braden, Corbin, Ky., and Grant F. Knuckles, Pineville, Ky., for appellees; James S. Wilson, Grant F. Knuckles, Pineville, Ky., Paul E. Braden, Corbin, Ky., on brief.

Before PECK and McCREE, Circuit Judges, and KINNEARY, District Judge.*

JOHN W. PECK, Circuit Judge.

This case involves two suits arising from a single two-truck accident which occurred on November 29, 1966, in Whitley County, Kentucky. The smaller of the two trucks was a van, owned by the Sunshine Biscuits Company and operated by the Gordon Foods Division. The driver of this van, William Bond, was killed in the collision. The other vehicle was a tractor-trailer unit, operated by James Norton. Norton owned the tractor and the Newman and Pemberton Trucking Co. owned the trailer. Norton survived the accident and was the only eyewitness to the collision.

Bond's widow filed suit as administratrix of her husband's estate against Norton and against Newman and Pemberton for damages resulting from their negligence. Norton filed a counterclaim for injuries and for the damage to his truck, alleging that the negligence of Bond was the cause of the accident. In a separate action, Norton sued Gordon Foods, alleging that the negligence of Bond caused him personal injury and property damage. The defendants in this separate case counter-claimed for damages to the Gordon Foods Truck. The two cases were consolidated for trial.

A first trial in 1969 resulted in a hung jury. A second trial in January 1971 resulted in a verdict for Mrs. Bond of $100,098.00 and a verdict for Gordon Foods of $2,604.15.

---

* Honorable Joseph P. Kinneary, United States District Court for the Southern District of Ohio, sitting by designation.

The appellants' principal contention on appeal concerns the testimony of the investigating police officer who arrived at the scene fifteen minutes after the accident. This witness was twice permitted to express his opinion as to where the collision occurred, but as hereinafter appears, the Court, "through an abundance of caution," struck the opinion from the record and admonished the jury not to consider it.

The appellants claim that the officer was unqualified to give his opinion as to the location of the collision, that the opinion was based upon inadmissible evidence, that the Court's limiting instruction was insufficient to cure the improper admission of the opinion, and that a new trial should have been granted when the cross-examination indicated that the officer was basing his opinion upon inadmissible evidence.

We are impressed with the measures taken by the District Court to insure that the opinion expressed by the investigating officer would be based solely upon admissible evidence. At trial, the officer was shown to be fully qualified as an expert in traffic accident investigation. When he was first asked on direct examination for his opinion as to where the impact occurred, the appellants objected. The Court then requested and received authorities on this question, and, out of the presence of the jury, the competency of this opinion was discussed at length. During this time, the witness was examined and cross-examined as to his opinion and the facts upon which this opinion was based. From this testimony, the Court concluded that the inadmissible evidence only reinforced his opinion, and that the witness had arrived at this opinion independent of these gouge marks, and that the opinion was therefore admissible. The Court was also assured that no part of his opinion was based upon the location of cardboard containers which had been thrown from the Gordon Foods truck after the accident in an attempt to extricate the driver.

The witness was then allowed to express this opinion to the jury, but the appellants again objected because the question failed to include the restrictive phrase, "and to the exclusion of all other evidence." The Court reserved its ruling on this objection until both sides developed all the facts. The witness was again asked for his opinion, and this time the question included the phrase "and to the exclusion of all other evidence"; his answer was the same as before. On cross-examination the witness was asked if his opinion was partly based on other considerations, such as certain marks he saw on the highway the day after the accident, and he answered, "Yes, sir, it was considered as part of my reason." While still of the opinion that the marks observed by the witness the day after the accident merely "reenforced his opinion, or added to it," the Court thought that "through an abundance of caution, the motion should be sustained." The Court declined to declare a mistrial, and instructed the jury not to consider, for any purpose, the opinion of the officer as to the location of the point of the impact between the two vehicles.

The law of Kentucky is that the opinion of an investigating officer as to the point of impact is admissible if he qualifies by training or experience as an expert in accident investigation, if his opinion is based upon physical facts observed at the accident area, if those facts are disclosed to the jury, and if his opinion does not rest upon assumptions. Mulberry v. Howard, 457 S.W.2d 827 (Ky.1970); Wells v. Conley, 384 S.W.2d 496 (Ky.1964); Sellers v. Cayce Mill Supply Company, 349 S.W.2d 677 (Ky. 1961); Browley v. Murkison, 282 S.W.2d 352 (Ky.1955).

We have read with care the transcript of the testimony of the officer, both before the jury and before the Court, and the arguments made to the Court at that time. We conclude that the District Court was correct in his opinion that the officer formed his opin-

ion upon the basis of the damage to the vehicles, the debris on the highway and the post-accident location of the vehicles, and that the inadmissible evidence served only to reinforce this opinion. We therefore hold that the expression of opinion was admissible, and in view of this conclusion, we do not reach the appellants' contention that the cautionary admonition of the Court was insufficient to cure the admission of the opinion.

The appellants' remaining contention concerns the alleged conflict between the testimony of the surviving driver and the physical evidence. Norton testified that he first saw the van approaching him on his side of the road in the southbound lane, that it never changed its course or returned to its proper northbound lane of travel, and that both trucks were in the southbound lane at the time of the collision. The appellants contend that the post-accident location of the vehicles, the extent and the location of the damage to the vehicles and the location of the debris on the roadway are consistent with Norton's testimony, and that the physical facts are not sufficient to contradict his version as to how the collision occurred or to create an issue of negligence for the jury. The appellees' position is that the physical evidence conclusively shows that the collision could not have occurred in the southbound lane as claimed by Norton, but must have occurred in the northbound lane.

■ We find the appellants' contention that there was no evidence contrary to Norton's testimony as to the occurrence of the accident on the southbound side of the road to be without merit. Even aside from the opinion of the investigating officer, there was testimony as to the damage to the vehicles, the location of the debris, and the location of the vehicles on the road after the accident. This testimony was supported by photographs which are a part of the record, and which we have examined.

The conflict between the Norton testimony and the appellees'· interpretation of the physical evidence, as established in part by the photographs, was for the jury to resolve, and these questions were submitted to it with proper instructions. Without entering into a lengthy review of the condition and the position of the vehicles after the accident, suffice it to here observe that the evidence was capable of different interpretations, and we hold that there was sufficient evidence offered by both sides concerning the factual issue as to the point of impact to establish a jury question on the negligence issue.

■ The law of Kentucky is clearly that the positive testimony of a witness may be contradicted by physical facts or by the circumstances surrounding the accident.

"The value of 'physical facts' or demonstrative evidence has often been commented upon. Sometimes where there was a variance they were such as to overcome all verbal testimony and to require that it be disregarded even though uncontradicted.

\* \* \* \* \* \*

"Observation by the parties in a collision is made in a moment of alarm and peril. It is a thing which is difficult enough to judge or describe accurately even if cooly and deliberately observed. So the angle of collision, the point of contact, and the effect on the vehicles are valuable in determining doubts if not of controlling importance." C. L. & L. Motor Express Co. v. Achenbach, 259 Ky. 228, 233–234, 82 S.W.2d 335, 337–338 (1935).

See also, Globe Indemnity Co. v. Daviess, 243 Ky. 356, 47 S.W.2d 990 (1932).

The ultimate issue of negligence, having been properly submitted to the jury, we find no basis for disturbing its verdict, and the judgment of the District Court is therefore affirmed.