Miriam BEN–SHALOM, Petitioner-Appellee,

v.

SECRETARY of the ARMY, Respondent-Appellant.

No. 87–1217.

United States Court of Appeals, Seventh Circuit.

Argued May 22, 1987.

Decided Aug. 18, 1987.

Patrick T. Verigan, Milwaukee, Wis., for petitioner-appellee.

John C. Hoyle, Civil Div., Appellate Staff, Washington, D.C., for respondent-appellant.

Before BAUER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.

CUMMINGS, Circuit Judge.

After more than a ten-year absence from the military, Miriam ben-Shalom wants to return to complete her enlistment term with the United States Army Reserves. The Army, however, does not want her back. It discharged her from the Reserves in 1976 because she had made several statements admitting that she was a lesbian, a sexual preference that is not accepted by the Army. There was no proof that she engaged in homosexual acts nor made any advances toward female reservists. After her discharge, ben-Shalom filed suit in federal district court seeking only reinstatement; she did not seek monetary relief. In a published opinion, the district court concluded that her First Amendment rights had been infringed and ordered "the Department of the Army [to] reinstate the petitioner as a member of the Army reserves with all duties, responsibilities and privileges earned by her prior to her discharge." See *ben-Shalom v. Secretary of the Army*, 489 F.Supp. 964, 977 (E.D.Wis. 1980). The government filed a timely notice of appeal from that decision but subsequently the Army voluntarily dismissed the appeal. Therefore, the decision of the district court became final.

After unsuccessful settlement negotiations, ben-Shalom filed a motion for contempt in September 1983, claiming that the Army had failed to comply with the reinstatement order. On June 6, 1984, the district court held that the Army was not in contempt of its order and *sua sponte* altered its 1980 order to require the Army to pay ben-Shalom the sum of $991.16 in lieu of reinstatement. She appealed.

In an unpublished order of September 9, 1985, 776 F.2d 1049, this Court concluded that because of a variety of circumstances including the settlement negotiations, the evidence did not establish that the Army was in contempt of the district court's order. We also held that the district court had improperly ordered the Army to pay ben-Shalom the sum of $991.16. As pointed out in our order, it is well established that a civil contempt proceeding does not reopen the legal or factual basis of the order alleged to have been disobeyed. *United States v. Rylander*, 460 U.S. 752, 756–757, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521. Therefore, when the district court *sua sponte* altered its 1980 order to award only the $991.16, it acted improperly. We vacated the 1984 judgment of the district court and remanded the case. We advised ben-Shalom that she could request the district court's assistance in the enforcement of its 1980 final judgment pursuant to Federal Rule of Civil Procedure 70. We advised the Army that because it had failed to complete its initial appeal from the 1980 order, its only possible recourse would be to file a motion for relief from the 1980 judgment under Federal Rule of Civil Procedure 60(b). We expressed no opinion on the merits of the Rule 60(b) motion.

On remand, the Army filed a Rule 60(b) motion and ben-Shalom sought en-

forcement of the 1980 reinstatement order through Rule 70. On January 28, 1986, the district court denied the Secretary's Rule 60(b) motion and granted ben-Shalom's Rule 70 motion, ordering the Army to reinstate her to her former rank with all its privileges. On this appeal,[1] the Army contends that the district court abused its discretion in denying the Army's Rule 60(b) motion. We disagree. As the district court pointed out, the Army's Rule 60(b) motion was nothing more than an attempt to relitigate the merits of this case. The government had an opportunity to challenge the 1980 decision of the district court but intentionally chose to forego the appellate process. A Rule 60(b) motion is, of course, no substitute for an appeal. See, e.g., *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 606–607 (7th Cir.1986). There are no circumstances that support the granting of the Army's Rule 60(b) motion. The lone circumstance the Secretary cites is his mistaken belief that the district court did not mean reinstatement in its 1980 opinion but had actually ordered only backpay and the correction of ben-Shalom's military records. We are baffled by the Secretary's asserted confusion over the word "reinstatement" in the 1980 order. ben-Shalom sought only reinstatement, 489 F.Supp. at 970, and the district court specifically ordered that the Army "reinstate [ben-Shalom] as a member of the Army reserves with all duties, responsibilities and privileges earned prior to her discharge." *Id.* at 977. The order could hardly be clearer. The district court acted well within its broad discretion in denying the Rule 60(b) motion.

■ Because the Secretary has expressed doubt over the meaning of the 1980 order of the district court, we will expand upon what that order means. When ben-Shalom is returned to the Army, the Army is prohibited from discriminating against her because she professes to be a lesbian. For example, there can be no further attempt to discharge her simply because of her avowed sexual preference. The district court held in its 1980 opinion that ben-Shalom had a First Amendment right to claim to be a lesbian. 489 F.Supp. at 976. Because the Army did not appeal, ben-Shalom has that right for the remaining eleven months of her enlistment period. A change in the Army regulations, which the Secretary now claims would prohibit ben-Shalom from serving in the Reserves, cannot alter the right of ben-Shalom which was established in Judge Evans' 1980 opinion. See *McKnight v. United States Steel Corp.*, 726 F.2d 333, 336 (7th Cir.1984); *De Filippis v. United States*, 567 F.2d 341, 343 n. 5 (7th Cir.1977).

In summary, the district court held in 1980 that ben-Shalom is entitled to reinstatement with full privileges. That remedy is what the Army must accord her for the remaining eleven months of her enlistment period.[2] The Secretary must take steps to ensure that no member of the Army retaliates against ben-Shalom in any way because she was successful in her attempt to gain reinstatement. For example, her assignments and orders must not be tainted in any way by her professed off-base lesbianism. Put more simply, the Army may not make ben-Shalom's life in the Army more difficult or burdensome because of her sexual preference. Any attempt to circumvent the order of the district court requiring reinstatement with all privileges will be punished by appropriate sanctions for contempt. We trust, however, that such a step will not become necessary. The decision of the district court is affirmed.

AFFIRMED.

---

1. Prior to this appeal from the district court's January 28, 1986, decision, the Army appealed it to the United States Court of Appeals for the Federal Circuit, claiming that it had jurisdiction. For the reasons set forth in the opinion of the Federal Circuit transferring this case to us, we conclude that the appeal is properly before this Court. See *ben-Shalom v. Secretary of the Army*, 807 F.2d 982 (Fed.Cir.1986).

2. As Judge Evans explained in his 1986 order, the Army is required "to return ben-Shalom to her position as Drill Sergeant in the Army Reserves. She is to receive the rank which she formerly held, as well as the wages and benefits commensurate with that status. Although her contract expired in November 1977, she was denied the opportunity to complete her term because of the Army's unlawful actions, and ben-Shalom is entitled to complete her enlistment now." (App. to Govt.Br. 2).