Milton **WATSON**, Plaintiff,

v.

**SYMONS CORPORATION**, Defendant.

No. 86 C 2318.

United States District Court, N.D. Illinois, E.D.

July 28, 1988.

Dennis Fleming, Wahler, Pecyna & Fleming, Chicago, Ill., for plaintiff.

John S. Schauer, Cynthia G. Swiger, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

**BRIAN BARNETT DUFF, District Judge.**

■ This case presents an interesting question concerning this court's authority under rule 60(b)[1] of the Federal Rules of Civil Procedure: May a district court relieve a party from an unappealed adverse judgment on the grounds that the judgment relied on caselaw which was subsequently overruled? This court concludes that it may, and that in this case it should.

### BACKGROUND

In February, 1986, plaintiff Milton Watson sued his former employer, defendant Symons Corporation, in Illinois state court alleging that defendant had discharged him in retaliation for filing a workmen's compensation claim. Plaintiff was a union worker covered by a collective bargaining agreement which prohibited defendant from firing him without "good cause." Defendant removed to this court on the grounds that plaintiff's state retaliatory discharge claim was actually a wrongful discharge claim, arising under his collective bargaining agreement and therefore removable under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) (1982) ("§ 301"). *See Vantine v. Elkhart Brass Mfg. Co.*, 762 F.2d 511 (7th Cir.1985).

In August, 1986, defendant moved to dismiss on the grounds that plaintiff had not alleged that his union had breached its duty of fair representation, as required for a wrongful discharge claim, and that § 301 preempted his state law retaliatory discharge claim. Plaintiff did not contest the former, but did argue that Illinois retaliatory discharge claims fall outside the scope of § 301 preemption. In his brief, plaintiff focused on Illinois Supreme Court cases denying such preemption on the grounds that retaliatory discharge claims exist independently of federal labor laws. *E.g., Midgett v. Sackett–Chicago, Inc.*, 105 Ill.2d 143, 85 Ill.Dec. 475, 473 N.E.2d 1280 (1984).

In August, 1987, defendant filed a supplemental brief in support of its motion to dismiss. This brief focused exclusively on the Seventh Circuit's recent opinion in *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031 (7th Cir. June 23, 1987) (en banc). *Lingle* held unequivocally that § 301 preempts state retaliatory discharge claims of workers covered by collective bargaining agreements.

On October 23, 1987, the Supreme Court granted certiorari in *Lingle* to resolve the split in the circuits over the preemptive effect of § 301. *Lingle v. Norge Division*

---

1. **Rule 60. Relief from Judgment or Order**
\* \* \* \* \* \*

(b) **Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action. (As amended December 27, 1946, effective March 19, 1948; December 29, 1948, eff. October 20, 1949; Mar. 2, 1987, eff. Aug. 1, 1987.)

of *Magic Chef, Inc.,* —— U.S. ——, 108 S.Ct. 226, 98 L.Ed.2d 185 (1987). Defendant, however, did not inform this court of that action, and on January 29, 1988, this court granted defendant's motion dismissing the case with prejudice. In its ruling, this court relied exclusively on *Lingle* in determining that § 301 preempted plaintiff's state law claim. Although this court expressed discomfort with that decision, it stressed that it was, of course, compelled to follow the Seventh Circuit's ruling. The short Memorandum Opinion made no reference to the Supreme Court's grant of certiorari in the case.

Nevertheless, plaintiff did not ask this court to reconsider and defer its ruling in light of the Supreme Court's impending review of *Lingle*. Nor did he appeal the dismissal. In fact, he took no action at all to preserve his rights in the event that the Supreme Court reversed the Seventh Circuit.

On June 7, 1988, the Supreme Court did just that. In a unanimous decision, the Court held that, because state law retaliatory discharge claims do not "require[ ] the interpretation of ... collective bargaining agreement[s]," § 301 does not preempt such claims. *Lingle v. Norge Division of Magic Chef, Inc.,* —— U.S. ——, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988).

On the basis of that decision, plaintiff has moved pursuant to Rule 60(b) of the Federal Rules of Civil Procedure for relief from this court's dismissal of his case. He argues that, because the dismissal relied on the Seventh Circuit's opinion in *Lingle* and that opinion has now been reversed, this court should vacate the dismissal; further, because the Supreme Court's decision means that retaliatory discharge claims do not arise under federal law, this court should remand the case to state court.

Defendant objects. It insists that Rule 60(b) does not authorize a district court to vacate a prior final judgment on the basis of a change in governing law, particularly when the moving party fails to appeal that judgment. Accordingly, defendant argues, plaintiff's belated motion for relief must be denied.

## DISCUSSION

Rule 60(b) permits a district court to vacate a final judgment "only upon a showing of exceptional circumstances." *Peacock v. Board of School Commissioners of Indianapolis,* 721 F.2d 210, 213 (7th Cir. 1983); *DiVito v. Fidelity and Deposit Company of Maryland,* 361 F.2d 936, 938 (7th Cir.1966). Although the Supreme Court has expressly left unresolved whether a post-judgment change in governing law can ever amount to an exceptional circumstance justifying Rule 60(b) relief, *Polites v. United States,* 364 U.S. 426, 433, 81 S.Ct. 202, 206, 5 L.Ed.2d 173 (1960), the Seventh Circuit has said on a number of occasions that "a change in the applicable law after judgment does not, by itself, justify relief under [Rule] 60(b)." *McKnight v. United States Steel Corp.,* 726 F.2d 333, 336 (7th Cir.1984); *De Filippis v. United States,* 567 F.2d 341, 343 (7th Cir.1977); *Max M v. Thompson,* 585 F.Supp. 317, 320–21 (N.D.Ill.1984); *7 Moore's Federal Practice* ¶ 60.22[3] (2d ed. 1982). The only exception to this general rule occurs when the change in law, and the Rule 60(b) motion, come within the 30–day period for the filing of an appeal. "[A] 60(b)(1) motion filed within the time for an appeal is a proper means for calling the trial court's attention to an intervening controlling appellate decision ... [since] [t]his practice allows the trial court to correct a decision that would otherwise be corrected by a timely appeal." *Peacock v. Board of School Commissioners of Indianapolis,* 721 F.2d 210, 214 (7th Cir.1983); *D.C. Federation of Civil Associations v. Volpe,* 520 F.2d 451 (D.C.Cir.1975).

█ These cases tend to support defendant's position here. At the time this court dismissed this case, the Seventh Circuit's *Lingle* ruling remained good law. Since the Supreme Court's decision did not come until more than 30 days after the dismissal, the change of law in this circuit effected by the decision does not "by itself" entitle plaintiff to relief. Nevertheless, this court believes that certain "exceptional circum-

stances" in this case authorize this court to grant plaintiff's Rule 60(b) motion.[2]

As noted earlier, the concerns which this court expressed with respect to the Seventh Circuit's *Lingle* ruling remained essentially unexplained only because of the deference this court did, and must, give to an unequivocal en banc decision of the Seventh Circuit. Had this court known, at the time it ruled, that the Supreme Court had granted certiorari to review *Lingle*, it would have deferred its ruling on the motion to dismiss pending the Supreme Court's disposition of that case. Thus, the dismissal was a direct result of this court's "mistake[n]" belief, *see* Rule 60(b)(1), that the Seventh Circuit's ruling was final. *See Bank of California v. Arthur Andersen & Co.*, 709 F.2d 1174, 1177 (7th Cir.1983) (Rule 60(b) relief proper outside time limit for appeal where district court mistakenly dismissed pendent state law claims with prejudice).

To be sure, plaintiff could have immediately asked this court to vacate the dismissal and defer ruling until the Supreme Court rendered its decision. Yet, plaintiff could not have known at the time whether this court was aware of the grant of certiorari, and had simply failed to note it in the Memorandum Opinion, or instead that the court simply had failed to learn that the Supreme Court had decided to review *Lingle*. Thus, in making a motion to reconsider plaintiff would have had to speculate that this court had failed to check the current status of a cited case. It is understandable that plaintiff hesitated in taking this action, even more so because at the time, he could have done nothing more than request a deferral. Although this court would indeed have stayed its hand had plaintiff brought the Supreme Court's action to its attention, his failure to do so constitutes, at worst, excusable neglect pursuant to Rule 60(b)(1). *Cf. A.F. Dormeyer Co. v. M.J. Sales & Distribution Co.*, 461 F.2d 40 (7th Cir.1972).

Furthermore, it is important to remember that it was the *defendant* who informed this court of the Seventh Circuit's *Lingle* ruling in a memorandum devoted entirely to the effect of that decision on this case. While defendant may not have violated any ethical or procedural rule in failing to apprise this court of the Supreme Court's subsequent grant of certiorari, it can hardly complain about the resultant delay in plaintiff's Rule 60(b) motion.

Another reason for granting plaintiff's request for equitable relief lies in what might be called the reverse-*Erie* problem. Under the *Erie* doctrine, of course, a federal district court must apply the law of the state in which it sits when ruling on state law questions. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Thus, whether a case comes before a state or a federal court does not affect what law will govern its resolution.

When the case involves a federal question, however, the reverse of *Erie* does not apply. "[T]he Supremacy Clause imposes on state courts a constitutional duty 'to proceed in such manner that all the substantial rights of the parties under controlling federal law [are] protected.'" *Felder v. Casey*, — U.S. —, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (*quoting Garrett v. Moore–McCormack*, 317 U.S. 239, 245, 63 S.Ct. 246, 251, 87 L.Ed. 239 (1942). State courts need not, however, apply the law of the federal district in which they sit when ruling on questions of federal law. *United States ex rel. Lawrence v. Woods*, 432 F.2d 1072, 1075 (7th Cir.1970) (decisions of lower federal courts on federal questions are not binding on state courts), *cert. denied*, 402 U.S. 983, 91 S.Ct. 1658, 29 L.Ed.2d 148 (1971); *accord Norton v. Gordon Foods, Inc.*, 458 F.2d 1071 (7th Cir.1972). Thus, the law governing a particular case may differ depending on whether the case winds up in a state or federal courts.

---

**2.** Although Rule 60(b) provides five specific and one general provision for granting relief, and the courts have held that the former are mutually exclusive of the latter, plaintiff need not rely on a particular provision of the rule provided that the motion has been brought within the one-year time limit for subsections (1) to (3). 7 *Moore's Federal Practice* ¶ 60.27[2] at 60–273—60–274 (2d ed. 1982).

In this case, had defendant allowed the case to proceed in state court, the preemption issue would not have barred plaintiff's claim. The state court, of course, would have had jurisdiction to rule on the preemption defense.[3] But the Illinois courts had taken the view that § 301 did not preempt retaliatory discharge claims. Thus, only by removing the case to federal court was defendant able to obtain dismissal on preemption grounds. Though defendant acted properly by removing, it would be extremely unfair to forever dismiss plaintiff's case, grounded entirely in state law, on the mere fortuity that defendant chose to, and for a brief period was able to, take the case to federal rather than state court. *Cf. Pierce v. Cook & Co.*, 518 F.2d 720 (10th Cir.1975), *cert. denied*, 423 U.S. 1079, 96 S.Ct. 866, 47 L.Ed.2d 89 (1976).

Despite the equitable factors favoring plaintiff, defendant contends that plaintiff's failure to appeal prevents him from now moving for Rule 60(b) relief. This court disagrees.

■ Ordinarily, once the time for appeal has expired, a party who has consciously chosen not to appeal cannot obtain Rule 60(b) relief on the grounds that the district court made a mistake of law because, if he could, the one-year and reasonable time provisions of the rule would undermine the time limits for appeals. *Peacock v. Board of School Commissioners of Indianapolis*, 721 F.2d at 214 ("A Rule 60(b) motion cannot do service for an appeal."); *Bank of California v. Arthur Andersen & Co.*, 709 F.2d at 1176–77; *see also Ackermann v. United States*, 340 U.S. 193 at 198, 71 S.Ct. 209, 212, 95 L.Ed. 207; *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1230 (7th Cir.1983). The same rule applies to Rule 60(b) motions based on

an intervening change in governing law since, technically, such a motion is predicated on "legal error" in the district court's original disposition of the case. *See McKnight v. United States Steel Corp.*, 726 F.2d 333, 336 (7th Cir.1984).

Yet, the importance of strictly enforcing this rule diminishes when the moving party claims, not that the district court erroneously applied the governing law when he originally ruled, but instead that the governing law changed after the ruling. In the latter case, the party is not using Rule 60(b) as a substitute for appeal, but instead as a means for obtaining relief from a judgment that, at the time it was entered, was correct.

Still, in most cases, the rule against allowing such a Rule 60(b) motion remains justified. The need for finality in judgments mandates that, once a losing party foregoes an appeal, a subsequent change in the law cannot permit him to proceed with his suit. *See* Lipton, "Federal Rule of Civil Procedure 60(b): Standards for Relief from Judgments Due to Change in Law," 43 *U.Chi.L.R.* 646 (1976). Furthermore, fairness among litigants prohibits allowing a non-appealing party to benefit from the efforts of those who choose to press their cases through the appellate process; even if the losing party stands no chance of succeeding before the circuit court, he can still petition for certiorari to the Supreme Court.[4] *See Travelers Indemnity Co. v. Sarkisian*, 794 F.2d 754 (2d Cir.1986), *cert. denied*, 479 U.S. 885, 107 S.Ct. 277, 93 L.Ed.2d 253 (1987).

In this case, however, these factors do not apply. Because the Supreme Court had already granted certiorari in *Lingle* at the time this court dismissed the case, forcing plaintiff to press his appeal would have

---

**3.** In most (non-diversity) cases, preemption is an affirmative defense which *must* be raised in the state court when the cause of action arises under state law. *Lingle v. Norge Division of Magic Chef, Inc.*, 823 F.2d 1031, 1040 n. 11 (7th Cir.1987) (en banc). However, because § 301 "so completely preempt[s]" the field of labor-management relations, a state law claim that falls within its scope "is necessarily federal in character." *Metropolitan Life Insurance Co. v. Taylor*, 481 U.S. 58, 107 S.Ct. 1542, 1546, 95

L.Ed.2d 55 (1987). Thus, a defendant in such a case may remove the case to federal court, and raise his preemption defense there.

**4.** *See also* —— U.S. ——, 108 S.Ct. 2813–14, 100 L.Ed.2d 914 (1988) for a list of circuit court rulings on the preemptive effect of § 301 which the Supreme Court vacated after deciding *Lingle*.

constituted nothing more than a waste of plaintiff's resources and those of the courts: The Supreme Court was preparing to resolve the issue without plaintiff's petition, and well before plaintiff's losing appeal and subsequent petition could have worked its way up to that court. Furthermore, the judgment remained subject to Rule 60(b) only until the Supreme Court ruled; at that point, had the Supreme Court affirmed the Seventh Circuit, this court's ruling would indeed have been forever final.

In *Polites v. United States*, 364 U.S. 426, 81 S.Ct. 202, 5 L.Ed.2d 173 (1960), the majority suggested and four dissenting justices argued that the rule against Rule 60(b) motions should not "inflexibly" apply where the appeal to the circuit court would have been sure to fail, and the Supreme Court would not have granted certiorari had a petition been filed. Although defendant points to one Seventh Circuit case which declined to take this tack, *McKnight v. United States Steel Corp.*, 726 F.2d 333, 336 (7th Cir.1984), that decision does not preclude relief here.

In *McKnight*, plaintiff had timely filed documents alleging employment discrimination, but had done so with the wrong federal agency. By the time the right agency learned of the mistake, and plaintiff filed proper documents with it, the 300–day period for filing an employment discrimination charge had run. When plaintiff subsequently sued the employer in federal court, the district court dismissed the suit on the basis of established Seventh Circuit law holding that the 300–day time limit of Title VII, 42 U.S.C. § 2000e–5(e) ("§ 5(e)"), was jurisdictional and thus was not subject to equitable tolling. *See id.* at 336. Plaintiff did not appeal.

At the time the district court ruled, a Seventh Circuit case reiterating the jurisdictional nature of § 5(e) was awaiting review in the Supreme Court. *See Zipes v. Trans World Airlines, Inc.*, 451 U.S. 980, 101 S.Ct. 2308, 68 L.Ed.2d 836 (1981) (amending grant of certiorari). Some five months later, the Supreme Court reversed the Seventh Circuit's decision, holding that § 5(e) is a statute of limitations, not a jurisdictional prerequisite, and thus is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982).

The plaintiff in *McKnight* soon brought a Rule 60(b) motion before the district court, requesting relief from the dismissal of her case. The district court denied the motion; this time, however, plaintiff appealed.

The Seventh Circuit affirmed, noting that plaintiff had failed to appeal the district court's original ruling dismissing the case. *McKnight v. United States Steel Corp.*, 726 F.2d at 36. Though not expressly saying so, the opinion demonstrates that the futility of an appeal to the court of appeals does not require a district court to grant a party relief from an unappealed judgment even if the Supreme Court later overrules the governing law in the circuit.

While the facts of *McKnight* are uncannily similar to this case, the Seventh Circuit's ruling does not mandate the same result here. In finding "no abuse of discretion in the district court's refusal to reinstate the case," *McKnight v. United States Steel Corp.*, 726 F.2d at 336, the opinion teaches that a losing party who foregoes an appeal cannot *count* on Rule 60(b) relief, even if the district court relied on a case awaiting review in the Supreme Court. *McKnight* does not, however, rule out such relief in cases where additional equitable factors warrant it. Indeed, in every one of the Seventh Circuit cases cited by defendant, the Court merely affirmed, under an abuse of discretion standard, the district court's denial of a Rule 60(b) motion. *See Ben–Shalom v. Secretary of the Army*, 826 F.2d 722, 724 (7th Cir.1987); *Peacock v. Board of School Commissioners of Indianapolis*, 721 F.2d 210, 213 (7th Cir.1983).

To be sure, those cases provide guidance for this court's disposition of plaintiff's motion here. Yet, this court firmly believes that allowing those decisions to control this case would not only lead to an unjust result, but would actually distort the development of Rule 60(b) law. Because Rule 60(b) motions remain within the district

court's discretion, this court must examine these motions on a case-by-case basis. Otherwise, its rulings could become inflexibly bound by the decisions of other district courts which were affirmed, not necessarily because they reached the best results, but only because they did not reach unreasonable ones. *See Bank of California v. Arthur Andersen & Co.*, 709 F.2d at 1177 (affirming district court's grant of Rule 60(b) motion filed after time for appeal had expired; general rule that Rule 60(b) motions to correct legal error must be filed within the time for appeal "is a sensible requirement *provided that it is flexibly applied*") (emphasis added).

For example, were this court to deny plaintiff's motion, the Seventh Circuit would, almost certainly, affirm on the grounds that this court had not abused its discretion. The next court to face a similar motion would then find another case supporting the proposition that changes in governing law do not suffice for Rule 60(b) relief. That court, like this one, would not know whether granting such relief is improper, and might well feel compelled to deny the motion. That ruling would be affirmed, and the cycle would continue. In the process, however, the discretion Rule 60(b) grants to district courts would atrophy. Nothing in the Seventh Circuit's Rule 60(b) opinion requires that result. On the contrary, where substantial justice requires Rule 60(b) relief, and unique circumstances demonstrate that the moving party has not used the rule as a substitute for appeal, an earlier failure to appeal does not prevent the court from reaching a just result.

## CONCLUSION

Plaintiff's motion for relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure is granted, the January 28, 1988 dismissal of the complaint with prejudice and June 27, 1987 grant of defendant's petition for removal are vacated, and the case is remanded to the state court due to lack of federal subject matter jurisdiction.